ARTHUR GARTON, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted October 30, 1936—Decided January 28, 1937.

For the plaintiff-appellant, *Edward R. McGlynn* and *Nathan Davis*.

For the defendant-respondent, *Henry H. Fryling, William H. Speer* and *James O. Boyd*.

The opinion of the court was delivered by

WOLFSKEIL, J. This is an appeal from a judgment entered for the defendant after a jury had found in its favor. All of the grounds of appeal relate to exceptions taken to the court's charge. The first is that the court charged the jury on the question of contributory negligence when there was no proof of any facts from which it could be inferred. The second is that there was error in the charge on the assumption of risk; and the third is to the charge of the doctrine of *res ipsa loquitur*. It is on these exceptions that the plaintiff bases his appeal.

The suit was instituted by the plaintiff to recover damages for injuries sustained as the result of an electrical explosion in one of the defendant's switch houses and the complaint charges that the accident was caused by defendant's negligence. In its answer the defendant denied liability and set up as separate defenses contributory negligence and assumption of risk by the plaintiff.

The plaintiff was a painter employed by an independent contractor to paint the interior of one of the switch houses of the defendant company. On the day of the accident plaintiff's foreman directed him to paint the walls, ceiling and concrete work in the rooms located on the second floor of the switch house. This foreman was in turn under the general direction of defendant's superintendent at the switch house and had been informed by him that no men were to be set to work where high voltage was being handled at the time. The defendant's electrical department maintained a watchman in the vicinity for the apparent purpose of keeping the defendant's electrician foreman notified of the location of the men's work and it was the job of this electrician foreman when so informed to arrange for their safety. Before directing plaintiff to go to the second floor plaintiff's foreman informed the defendant's electrical watchman that he was arranging for the painting of the rooms there and as the plaintiff and his helper set about the task both they and the foreman believed that no high tension would be handled by the switches in the vicinity of their work. In the performance of his task plaintiff placed a ladder against a side wall, hung his paint pot on

one of the rungs and was on the ladder when an electrical explosion in the nature of a short circuit occurred, without warning, in a nearby switch, violently blowing him from the ladder and injuring him severely. Although he had done similar work in defendant's power houses over a period of years and was aware of electrical explosions there was no evidence that the plaintiff knew or should have known the manner in which they occurred or that he knew or should have known that one was likely to occur in the area of his work. It was proved that such explosions to his knowledge never involved injury to workmen for the reason that defendant had always arranged to cut down the current wherever painters were at work.

In substance these were the proofs adduced at the trial and while contributory negligence was pleaded as a defense there does not appear to have been any evidence to sustain that contention. The respondent argues that there was testimony from which the jury might infer contributory negligence but points to nothing in the way of convincing proof to establish the fact or to anything from which it could reasonably be inferred. Contributory negligence where it does not manifestly or concededly appear from the plaintiff's case is an affirmative defense and must be supported by the weight of the evidence as is any other defense which a defendant offers if it must be acquitted of blame. *Durant* v. *Palmer*, 29 *N. J. L.* 544; *Danskin* v. *Pennsylvania Railroad*, 79 *Id.* 526; *Wilhelm* v. *Public Service Railway Co.*, 95 *Id.* 505; *McConachy* v. *Skalerew*, 113 *Id.* 17.

But notwithstanding that there was an absence of proof the court charged that contributory negligence was in the pleading and that it was proper for the jury to consider it. This was error. Under the circumstances the burden was on the defendant to establish the fact of contributory negligence and having failed to do so that question was not in issue. The scope of an instruction in a particular case is to be determined, not alone by the pleadings therein, but also by the evidence in support of the issues between the parties, and even though an issue is raised by the pleadings, it is not proper to give an instruction thereon, where there is no basis for it in the evi-

dence. The principle upon which this rule is founded is that only such an instruction should be given as is based upon the legitimate evidence in the case. The fact that it may be correct as a general principle of law is not material, for it is the duty of the court to confine itself to a statement of such principles of law as are applicable to the evidence received in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved. If an instruction is not thus based on the evidence it is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to mislead and induce them to suppose that such a state of facts in the opinion of the court was possible under the evidence, and might be considered by them. 14 *R. C. L.* 786.

With the other two grounds of appeal we are not in doubt. The doctrine of assumption of risk is critically examined in the appellant's brief and serious complaint made of the charge in that respect but we do not understand that the plaintiff was adversely affected thereby. Of course, this was not a master and servant case and the assumption of risk does not have the same effect it would have had in a workman's case at law prior to the adoption of the compensation laws. However, the doctrine of assumption of risk is also applicable to cases wherein the relationship of master and servant does not exist. This court has repeatedly held that an individual assumes all the ordinary risks of his voluntary acts or the environment in which he voluntarily places himself on the theory that he has the intelligence of the ordinary prudent individual who is aware of the ordinary risks of his voluntary acts and the risks of the particular environment in which he voluntarily entered. *Toohey et al.* v. *Webster*, 97 *N. J. L.* 545; *Schreiner* v. *Delaware, Lackawanna and Western Railroad Co.*, 98 *Id.* 899; *Ionim* v. *E. D. & M. Corp. et al.*, 107 *Id.* 145; *Thurber* v. *Skouras Theatre Corp.*, 112 *Id.* 385; *Falk et al.* v. *Stanley Fabian Corp.*, 115 *Id.* 141. That is practically what the court charged in the instant case and in so doing there was no error.

As to *res ipsa loquitur* a reference to the charge would indicate that the court laid down the doctrine in the identical language used by this court in the case of *Mumma* v. *Easton*

*and Amboy Railroad Co.,* 73 *N. J. L.* 653, cited with approval in *Hughes* v. *Atlantic City Railroad Co.,* 85 *Id.* 212. The exception was to that part of the charge immediately following when the court said: "If the defendant cannot explain it you are still not obliged to find negligence from the occurrence but you may consider the explanation and you may determine whether or not you are going to infer negligence from the occurrence, considering the facts which the defendant has shown with regard to how it was incurred and with regard to the defendant's ability to show how it was incurred." Appellant does not contend that there was no evidence submitted in explanation by the defendant but simply that the court did not give the plaintiff the full benefit of the maxim of *res ipsa loquitur.* While the charge may have lacked definitiveness in the respect complained of, still there was considerable testimony offered by the defendant in explanation of the accident and what the court said in effect was that while the jury might find negligence on the ground of *res ipsa loquitur,* nevertheless they were not obliged to do so. In this we find no error.

For the reason, however, that in the absence of any proof to establish contributory negligence it was error to submit that question to the jury, the judgment is reversed, to the end that a *venire de novo* may issue.

*For affirmance*—PARKER, CASE, DEAR, WELLS, JJ.   4.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, LLOYD, BODINE, HEHER, PERSKIE, HETFIELD, WOLFSKEIL, RAFFERTY, COLE, JJ.   11.