58 N.J. Super. 436 (1959)
156 A.2d 483
MARY MASSOTTO, ET AL., PLAINTIFFS-APPELLANTS,
v.
PUBLIC SERVICE COORDINATED TRANSPORT, ETC., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1959.
Decided December 15, 1959.
Before Judges PRICE, GAULKIN and SULLIVAN.
Mr. Samuel A. Larner argued the cause for plaintiffs-appellants (Mr. Hymen B. Mintz, attorney).
*437 Mr. Henry T.L. Gleason argued the cause for defendant-respondent (Mr. Louis F. Stein, Jr., attorney).
The opinion of the court was delivered by PRICE, S.J.A.D.
Plaintiffs seek the reversal of a judgment in the Superior Court, Law Division, entered on a jury verdict of no cause for action. Plaintiff Mary Massotto sought damages for personal injuries allegedly caused by the negligent operation of a public bus in which she was a paying passenger. Her husband Dominick Massotto sued per quod.
In support of their appeal plaintiffs contend that the trial court committed prejudicial error in its charge to the jury. The justification for the contention must be tested against the following factual background.
Mrs. Massotto, on boarding the bus, initially selected a seat near the front of the vehicle. Shortly thereafter she arose and, while walking from the front of the moving bus to secure another seat in the rear, was injured when thrown by reason of the bus operator's sudden and abrupt halting of the vehicle. There was no substantial challenge of plaintiffs' contention that the stoppage of the vehicle was sudden and precipitate. The bus operator testified that his hasty action was necessary because without warning another vehicle was driven in front of the bus so rapidly that quick and forceful application of his brake was required to avoid a collision. Plaintiffs contend that the court erred in submitting to the jury the issue of contributory negligence. Their contention is based on the asserted absence of any evidence of negligence on the part of Mrs. Massotto.
An examination of the record reveals the following testimony by plaintiff:
"Q. Tell us what you did when you changed. A. I got off the seat and I was moving toward the back of the bus. All of a sudden 
Q. Just a minute. How were you moving toward the back of the bus? A. Facing the back of the bus.
*438 Q. Were you walking? A. I was walking, yes.
Q. What is this? Down the aisle? A. Down the aisle.
Q. Between the cross seats? A. That's right.

* * * * * * * *
Q. Were you holding onto anything? A. Yes, I was holding as I was going up, as I was ready to grab 
Q. Just a minute. You were holding onto what? A. To the seats.
Q. Just before anything unusual occurred, what were you doing as far as your hands are concerned? A. I was trying to grab the strap at the end of the bus."
Plaintiff further testified that at that instant the sudden stop of the bus caused her to be thrown.
No other evidence bearing on her alleged negligence appears in the record. Thus the basic question posed is whether or not the mere act of plaintiff, in walking in the manner described from one part to another part of the moving vehicle, justified the court's charge that a jury question as to her contributory negligence thereby was projected. The jury was charged that if it found such negligence present, plaintiffs should be denied recovery. Timely objection was made by plaintiffs' counsel to the portions of the court's charge relating to contributory negligence on the ground that "there are no facts in the case to support such a charge * * *."
In Garton v. Public Service Elec. & Gas Co., 117 N.J.L. 520 (E. & A. 1937), the court, at page 522, stated that:
"* * * The scope of an instruction in a particular case is to be determined, not alone by the pleadings therein, but also by the evidence in support of the issues between the parties, and even though an issue is raised by the pleadings, it is not proper to give an instruction thereon, where there is no basis for it in the evidence. The principle upon which this rule is founded is that only such an instruction should be given as is based upon the legitimate evidence in the case. The fact that it may be correct as a general principle of law is not material, for it is the duty of the court to confine itself to a statement of such principles of law as are applicable to the evidence received in support of the contentions of the parties, and thus to aid the jury in arriving at a correct determination of the issues involved. If an instruction is not thus based on the evidence it is erroneous in that it introduces before the jury facts not presented thereby, and is well calculated to mislead *439 and induce them to suppose that such a state of facts in the opinion of the court was possible under the evidence, and might be considered by them. 14 R.C.L. 786."
See also Guzzi v. Jersey Central Power & Light Co., 12 N.J. 251, 260 (1953).
In Thomas v. Baltimore Transit Company, 211 Md. 262, 127 A.2d 128 (1956), the Court of Appeals considered a case where a trolley car passenger was injured while standing near the front of the car preparatory to alighting at the next stop. It was claimed that a sudden halting of the car caused her to be thrown and injured. The appellate court stated as follows (127 A.2d at page 129):
"In the instructions to the jury there were five different places at which the possibility of the contributory negligence of the plaintiff was mentioned. When plaintiff's counsel objected that the only act of plaintiff which could possibly be considered negligent was `that the Plaintiff was not sitting in a seat, which, I do not think, makes for negligence as a matter of law,' the trial judge refused to recognize the force of the objection * * *."
At page 131 the court further said:
"* * * But if standing and holding on while a car is in motion is evidence of negligence, then the conduct of every passenger, who might rise and start toward an exit while the car is in motion, would have to be submitted to the jury, and could be found to be negligence. Yet this particular action is so customary as to be taken as a matter of course. And as to the conduct of the plaintiff, who remained standing with but one block still to go, and held on either to a strap or to a hand-hold or to a stanchion, we conclude this was insufficient evidence of negligence to permit the jury to be instructed that contributory negligence was an issue in the case. Under these facts to leave to the jury the question of contributory negligence was submitting a question of pure speculation and conjecture, which should not have been done."
We perceive no justification for invoking any different rule in the case at bar. The fact that plaintiff was injured when she was in the act of choosing another seat in the bus instead of her injury occurring as she was moving forward in the bus preparatory to alighting therefrom requires *440 no different conclusion. See Annotation, 52 A.L.R.2d 585, "Passenger  Leaving Seat Before Stop," § 3(c) (1957).
There was no factual basis for a finding that plaintiff was guilty of contributory negligence. Furthermore, the record is barren of any evidence from which a legitimate inference may be drawn that her conduct in any way contributed to the happening of the accident resulting from the admitted abrupt halting of the bus. Cf. Kaufman v. Pennsylvania Railroad Co., 2 N.J. 318, 324 (1949); Burr v. Pennsylvania R.R. Co., 64 N.J.L. 30 (Sup. Ct. 1899); New York, L.E. & W.R.R. Co. v. Ball, 53 N.J.L. 283 (Sup. Ct. 1891). A charge presenting such issue to the jury under the circumstances disclosed by the evidence in the instant case was prejudicially erroneous. Kaufman v. Pennsylvania Railroad Co., supra.
It is unnecessary to consider the other points raised by plaintiffs on this appeal. The judgment in favor of defendant is reversed and a new trial ordered; costs to abide the result.