82 N.J. Super. 581 (1964)
198 A.2d 779
NICHOLAS J. LaMORGESE, PLAINTIFF-APPELLANT,
v.
KERN-O-MIX, INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1964.
Decided March 12, 1964.
*582 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. Jack Solomon argued the cause for appellant.
Mr. Paul J. O'Neill argued the cause for respondent.
PER CURIAM.
Plaintiff appeals from a Law Division judgment entered in defendant's favor following a jury verdict of no cause of action. His sole contention is that the trial court committed reversible error in charging the jury with respect to contributory negligence.
On October 7, 1959 plaintiff drove his truck to defendant's plant for the purpose of purchasing 12 tons of bituminous concrete (blacktop) manufactured by defendant and used by plaintiff and his father in their business of excavating and paving. He had been to the plant for the same purpose on hundreds of other occasions. On the day in question he followed the procedure used for some years by him and others of spraying the inside of the truck body with oil furnished by defendant, so that the blacktop would not adhere. After procuring an order slip from the company office and delivering it to defendant's employee Davis, he backed his truck into an aisle beneath the mouth of a hopper from which the blacktop was to be dropped through a chute into the truck. Plaintiff was standing on the platform near the cab of the truck, *583 waiting for Davis to discharge the blacktop. He testified that the material came out of the hopper in a mass of flames, and this before reaching the truck. He said he was thrown from the platform, fell onto the concrete and lay there until the ambulance came to pick him up. Although admitting on cross-examination that he occasionally smoked a cigarette, he denied he had been smoking at the time of the accident. He also testified that there was some oil underneath the truck.
Defendant's witnesses stated that the blacktop comes out of the hopper at 130 to 135 degrees temperature. The asphalt which goes into the mixture is ordinarily heated to 140 degrees and the crushed stone dust to 100 degrees or less. (The testimony does not indicate whether these temperatures refer to Centigrade or Fahrenheit.) Davis, who operated the hopper, said that he did not know just how hot the mixture was. He testified that just before he released the first load of blacktop he observed plaintiff standing on the platform alongside of the truck, and that he was smoking. Before discharging the material he opened the inspection door of the mixer to make sure the blacktop was thoroughly mixed. He saw no fire in the mixture at that time. He then pressed the button which would permit the mixture to drop into the truck. It was then that he looked down and saw fire coming up from the body of the truck. He immediately turned off the switch to stop the flow of the mixture.
Defendant company's secretary Kernan testified that after the incident plaintiff was not lying on the ground but walked to the office and around the plant; he looked "just a little red" and excited.
Not only did plaintiff deny that he had been smoking while standing beside the truck, but he produced a witness, claims investigator Fox, who testified that Davis had made and signed a statement in which he said that he did not see plaintiff smoking either a cigar or cigarette or see him throw a match into the truck.
There was no evidence of the type of oil used to spray the truck, or of the volatility or flash points of the oil or any of *584 the materials constituting the blacktop, or of the lighting of a match or lighter.
In his charge the trial judge gave the jury the usual instruction that plaintiff had the burden of proving by a preponderance of the credible evidence that defendant was negligent and its negligence was the proximate cause of the injury. After defining "negligence" he permitted the case to go to the jury under the res ipsa loquitur doctrine, couching his instruction substantially in the language of Lorenc v. Chemirad Corp., 37 N.J. 56, 70 (1962), where the court said that the doctrine was applicable when
"* * * (1) the accident which produced a person's injury was one which ordinarily does not happen unless someone was negligent, (2) the instrumentality or agency which caused the accident was under the exclusive control of the defendant, and (3) the circumstance indicated that the untoward event was not caused or contributed to by any act or neglect on the part of the injured person. * * *"
After defining "proximate cause" the trial judge turned to defendant's affirmative defense of contributory negligence, stating that defendant had the burden of proving that defense by the preponderance of the credible evidence. He referred to the factual dispute as to whether plaintiff had been smoking and then told the jury that not only must defendant prove that plaintiff was negligent, but that his negligence proximately contributed to the happening of the accident.
Plaintiff's counsel objected to the court's reference in the charge to contributory negligence, contending that there was no evidence to establish that if plaintiff were smoking, his smoking was the cause of the accident. The trial judge refused to change his charge. Referring to the third essential element of the res ipsa loquitur doctrine, quoted above, the judge said that by throwing the burden of proof on defendant he may have been placing a greater burden upon him than he was required to meet: "it may be that I should have charged the other way around, but I resolved it in your favor."
The jury returned a no cause verdict by a vote of 10-2. Plaintiff moved for a new trial, one of the grounds being *585 that the court, over plaintiff's objection, had charged the jury as to contributory negligence. The trial judge filed an opinion in which he stated that in charging the jury as he did, he had improperly shifted the burden of proof to defendant, and plaintiff could therefore not complain of this error in his favor. The order denying a new trial, entry of final judgment, and this appeal followed.
The opinion of the trial judge in denying the motion for a new trial clearly suggests that plaintiff had the burden of establishing the absence of contributory negligence on his part. We do not so read the third of the prerequisites for the applicability of the res ipsa loquitur doctrine, as quoted from the Lorenc case above. Nor have we been referred to any New Jersey case holding that plaintiff has the burden of proving absence of fault. Cf. Shaw v. Calgon, Inc., 35 N.J. Super. 319, 328 (App. Div. 1955).
Causation is the key to a proper understanding of the last of the three requirements for the applicability of the res ipsa loquitur doctrine. Defendant tried to establish that plaintiff was smoking at the time the accident happened. Assuming that the jury believed this, the fact that plaintiff was smoking is of no moment unless it was established that the smoking was a proximate cause of the fire. For the jury to so find, there would have to be some proof that either the oil sprayed on the inside of the truck body, or the blacktop mixture coming from the hopper above, could be ignited, whether by a match, a lighter in plaintiff's hands, or the cigar or cigarette he is supposed to have been smoking.
Assuming, as defendant would have the jury believe, that plaintiff was smoking, it would require a sequence of inferences and assumptions to link that smoking with the fire:
1. It must be assumed that either the oil used or the blacktop, or both, are flammable.
2. It must be assumed that either or both could be brought to the point of combustion by a lighted match, the flame of a lighter, or a lit cigar or cigarette.
3. Finally, it must be inferred that plaintiff was careless in smoking and in some fashion ignited either the oil or the blacktop.
*586 It is, of course, fundamental, that there must be evidence in the record from which a legitimate inference may be drawn that plaintiff's conduct was negligent and that his negligence was a proximate cause of the fire. Massotto v. Public Service Coord. Transport, 58 N.J. Super. 436 (App. Div. 1959); 71 N.J. Super. 39 (App. Div. 1961). Bald assumption and speculation are not enough. Nor is a bare scintilla of evidence sufficient to carry to the jury the issue of negligence or its causal relation to the damage suffered. Cf. Clarke v. Reiss, 148 F. Supp. 135, 139 (D.N.J. 1957).
We find the record barren of any evidence establishing that plaintiff's smoking was a contributing cause of the incident which resulted in his injuries. As noted, defendant adduced no evidence of the type of oil used to spray the truck, of the volatility or flash points of that oil or of any of the materials in the blacktop mix, or of the lighting of a match or any other lighting device. Indeed, the trial judge recognized the absence of such proof in his opinion on the motion for a new trial.
Defendant would leap the gap in its proofs with an assertion that it lay within the common understanding of the jurors to decide that the smoking caused the fire. We reject the validity of that contention. Still assuming that defendant could convince the jury that plaintiff had been smoking, it should have produced proof that the smoking brought about the fire. This would undoubtedly require expert proof as to the volatility and flash points of the oil and the materials involved. In the absence of evidence of proximate cause, the issue of contributory negligence should not have gone to the jury. Since there was a general verdict, and it is entirely possible that the jury arrived at its decision by erroneously finding plaintiff guilty of contributory negligence, submission of this issue to the jury was prejudicial error.
Reversed and remanded for a new trial.