## Richmond

KENT ANDREW KING v. INTERNATIONAL HARVESTER COMPANY:
INTERNATIONAL HARVESTER COMPANY, TRADING AND DOING
BUSINESS AS INTERNATIONAL HARVESTER SALES AND
SERVICE; AND JOHN DOE.

June 14, 1971.

Record No. 7475.

Present, Snead, C.J., I'Anson, Gordon, Harrison, Cochran and Harman, JJ.

*Paul Whitehead*, for plaintiff in error.

*Floyd C. Jennings, Jr.; William Rosenberger, Jr. (Howard W. Rhodes, Jr.; Richard M. Livingston; Rhodes & Jennings*, on brief), for defendants in error.

HARRISON, J., delivered the opinion of the court.

The dispositive issue here is whether the trial court erred in re-fusing to allow a discovery deposition of the plaintiff to be admitted into evidence under the provisions of Rule 4:1 (d) (3).

Kent Andrew King, plaintiff, sustained personal injuries in an accident that occurred on August 21, 1966 in Nelson County, Virginia, allegedly as a result of the concurring negligence of the International Harvester Company, International Harvester Company trading and doing business as International Harvester Sales and Service, and John Doe, defendants. He filed his motion for judgment against the de-fendants and various proceedings were thereafter had which are un-necessary to relate.

On September 24, 1968 the discovery deposition of King was taken, at which time the parties, by counsel, stipulated as follows:

### "STIPULATION

"It is stipulated by and between counsel for the parties that notice to take depositions is waived; that the reading and signing of the deposition by the witness may be waived; that the filing and notice of filing of the deposition is waived, provided counsel for the plaintiff is furnished a copy of the deposition, and it is further stipulated that the deposition may be used for any purpose per-mitted under the rules of the Supreme Court as though the same had been duly filed in the Clerk's Office."

The case was tried in the court below on October 7, 1969 with counsel for all parties being present, and each, upon being asked by the court if he was ready for trial, responded in the affirmative. The record does not indicate that plaintiff was present at that time and no question was raised about his absence.

Plaintiff's attorney introduced several witnesses who were examined and cross-examined during the morning session of the court. Follow-ing a recess for lunch he advised the court that his client, the plaintiff, was a non-resident of Virginia living in Florida, and was not present. He asked leave to introduce in evidence the discovery deposition. He told the court that he had done everything he could to get the plaintiff back for trial and that he was supposed to be there; and further, that during the lunch recess he had determined over the phone that plaintiff was "logged to come in to work at 4 or 4:30 this

afternoon". Plaintiff's attorney did not know why his client was not present.

The court sustained defendant's objection to the introduction of the deposition and held that the absence of the witness (the plaintiff) was voluntary and thereby procured by the plaintiff, the party offering the deposition, and was inadmissible under the Rules of this Court. Plaintiff objected and excepted to this ruling as well as to the action of the trial court in striking the plaintiff's evidence for failure of proof and entering final judgment for the defendants. We awarded plaintiff a writ of error to this final judgment.

The facts in this case are not in controversy. On the day of trial in the court below the plaintiff was a resident of Florida, was out of the state of Virginia, and was at a greater distance than 100 miles from Nelson County. We have no reason to read into this record any misconduct or anything reprehensible about his nonappearance. He simply did not show up for his trial of a civil action in a court in Virginia, and the conclusion is inescapable that his absence was voluntary.

The only question for our determination is whether or not a party under such circumstances thereby *procures his own absence* within the meaning of Rule 4:1 (d) (3)[1] which reads, in part, as follows:

"(3) . . . the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead; or 2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out

---

[1] Rule 4:1 (d) (3):

"In any action at law, issue out of chancery or hearing ore tenus in equity, the deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds: 1, that the witness is dead; or 2, that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this State, unless it appears that the absence of the witness was procured by the party offering the deposition; or 3, that the witness is unable to attend or testify because of age, sickness, infirmity, or imprisonment; or 4, that the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or 5, that the witness is a judge, or is a superintendent of a hospital for the insane more than 30 miles from the place of trial, or is a physician, surgeon or dentist who, in the regular course of his profession treated or examined any party to the proceeding and whose office is more than 25 miles from the place of trial, or is in any public office or service the duties of which prevent his attending the court; or 6, upon application and notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witnesses orally in open court, to allow the deposition to be used; but on motion made before the commencement of the trial, the court may, for good cause shown, require any such witness to attend in person."

of this State, unless it appears that the absence of the witness was procured by the party offering the deposition; or . . . ."

Plaintiff's construction of this rule is that if a party lives within Virginia and 100 miles or less from the place of trial and then leaves the state before trial, it may be said that his absence was procured by him. But, on the contrary, if the party at the time of trial lives more than 100 miles from the place of trial, or lives out of the State of Virginia, then he may elect to attend the trial, or, if having given his deposition, as had been done in the instant case, he may elect not to attend and to use the deposition.

In support of his position, plaintiff cites *Weiss* v. *Weiner*, 10 F. R. D. 387 (D. Md. 1950), *Richmond* v. *Brooks*, 227 F. 2d 490 (2d Cir. 1955) and *Stewart* v. *Myers*, 353 F. 2d 691 (7th Cir. 1965). He also refers to 4 J. Moore, Federal Practice ¶32.05, at 3228-29 (2d ed. 1970) where the meaning of Rule 32 (a) (3) [formerly Rule 26 (d) (3) of the Federal Rules of Civil Procedure] which is similar to Rule 4:1 (d) (3) of the Rules of this Court, is discussed. There it was said:

"May a party introduce *his own* deposition as evidence at the trial? The Rule provides that 'the deposition of a witness, *whether or not a party*, may be used *by any party for any purpose* if the court finds' the existence of any one of five enumerated conditions. It seems clear that the deposition of a party may be used as evidence at the trial when either the first, third, or fifth condition of Rule 32 (a) (3) is fulfilled. The fourth condition is not applicable to the case where a party desires to offer his own deposition as evidence at the trial. A question arises, however, whether the second condition prevents a party, in the absence of the first, third, or fifth conditions, from using his own deposition as evidence at the trial. The second condition provides that the deposition of a witness, *whether or not a party*, may be used *by any party if* the court finds 'that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, *unless it appears that the absence of the witness was procured by the party offering the deposition*.' The crux of the question is whether 'absence' in the above italicized 'unless' clause means absence from the territory embraced within a radius of 100 miles from the place of trial or absence from the trial. If the former meaning is correct, a party who resides more than 100 miles from the place of trial,

as is often the case when jurisdiction is based on diversity of citizenship, can hardly be said to have procured his own absence from the territory embraced within a radius of 100 miles from the place of trial. Under this view a party who resides more than 100 miles from the place of trial may use his own deposition as evidence at the trial. If 'absence' means absence from the trial, a party who resides more than 100 miles from the place of trial may not use his own deposition as evidence at the trial, unless it appears that he could not be present at the trial and that his absence is not due merely to a preference to use his deposition rather than to testify orally at the trial."

In *Richmond* v. *Brooks*, *supra*, Judge Clark, referring to the Treatise in Moore, said:

"It is suggested, as in 4 Moore's Federal Practice 1195-1197 (2d Ed. 1950), that the 'unless' clause just quoted may present an issue of construction as to whether the 'absence' in question is from the territory embraced within the 100-mile radius or is from the trial itself, and that only the former interpretation (which is favored) permits a California resident as such to use his own deposition. Perhaps too much is made of this assumed dichotomy; it is not apparent why in this carefully defined context absence from the trial should not be tested for the validity of the excuse on the same principles as absence from the territory. Be that as it may, the language used, referring to different stages of trial *or hearing*, and obviously pointing back to the defining clause which sets forth the basic reasons for admissibility, makes it quite clear that the former is meant." 227 F. 2d at 493.

And in *Weiss* v. *Weiner*, *supra*, the court said:

"Equally I am in accord with Judge Clark's view as to the proper interpretation and application generally (without special consideration of a summary judgment case) of the use of the deposition of a party who at the time of the trial is in fact 100 miles away from the place of the trial. And I do not think it can justly be said that under the circumstances of this case, in so far as the court could gather them at the trial, the party had *procured* his own absence. The word 'procured' in this context would seem to imply that a party had collusively instigated or induced a witness

to remove himself from being subjected to a subpoena to testify at the trial, or at least had unfairly and for an improper purpose deliberately absented himself shortly before the trial from the jurisdiction so he could not be examined. So far as I know no effort was made by the plaintiff's attorney in this case to summon the defendant to appear as a witness at the trial." 10 F. R. D. at 389.

We observe that the facts in the above cited cases are different from those in the instant case. In *Weiss* v. *Weiner*, *supra*, the defendant requested a continuance of his case on the day of trial. In allowing his deposition to be admitted the court concluded that he was absent from court in another state for reasons of health, and further that there was nothing to indicate that his appearance, demeanor or behavior in the taking of the deposition was such that it would have been an advantage to the plaintiff to have had him present to be observed by the jury.

In *Richmond* v. *Brooks*, *supra*, the court, in allowing the deposition of an absent plaintiff, found that he could not afford a trip from California to New York for the trial and observed that "the tactical burden assumed by the plaintiff in proceeding to trial in her absence . . . is likely to limit frequent resort to this course". 227 F. 2d at 492.

And in *Stewart* v. *Meyers*, *supra*, the trial court found that defendant was more than 100 miles from the place of trial and it was convinced that her absence from the trial had not been procured by defendant within the meaning of the limitation stated in the rule.

In *Vevelstad* v. *Flynn*, 230 F. 2d 695 (9th Cir. 1956) the lower court denied the admission of a discovery deposition of a witness. On appeal the Circuit Court of Appeals approved the denial, observing from a reading of the deposition that such failure to receive it in evidence was not prejudicial to the defendant. In this opinion is found the following statement:

"Rule 26(d) (3) Fed. Rules Civ. Proc., 28 U. S. C. A., provides that the deposition of a witness, whether or not a party, may be used by any party if the witness is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition. Since Pape, who presumably knew of the date of the trial, voluntarily left the United States, and as the trial court found, wilfully absented himself, the court's refusal to consider the deposition may well have been in accordance with the provisions of the Rule." 230 F. 2d at 702.

Irrespective of the construction of Federal Rule 32 (a) (3), or similar rules in other states, it is the responsibility of this court to construe its own rules and to determine the conditions under which a deposition of a party to a cause may be admitted in evidence.

The courts of Virginia have consistently attached great weight and importance to the verdicts of juries and to findings of fact by a trial judge. This is largely upon the premise that they are in the best position to evaluate the testimony of witnesses, having had the opportunity, denied an appellate court, to observe their demeanor, appearance, candor and behavior on the witness stand. As salutary as is Rule 4:1 (d) (3) which permits the use in evidence of discovery depositions, under certain specified circumstances and conditions, such depositions were never intended to be substituted for the personal appearance of party litigants or witnesses.

We think the meaning of Rule 4:1 (d) (3) is clear as to when the deposition of a witness, whether or not a party, may be used. Obviously such a deposition may be used when a party is dead, when a party is unable to attend or testify because of age, sickness, infirmity or imprisonment and under other exceptional circumstances provided for in the rule. We think it equally clear that "the absence" of the witness as used in the second condition of the rule means absence from the trial and that a party who is out of this state or is a greater distance than 100 miles from the place of trial, may not use his own deposition as evidence at the trial unless it appears that he could not be present and the court finds the existence of any one of the enumerated conditions.

When the absence of a witness is due merely to a preference to use his deposition rather than to testify orally at the trial, the rule does not permit of its use. Absence under such conditions is in effect "procured" by the party offering the deposition.

In Black's Law Dictionary 1373 (4th ed. 1951) the word "procure" is variously defined and includes the following: "To initiate a proceeding; to cause a thing to be done; to instigate; to contrive, bring about, effect, or cause; . . . to persuade, induce, prevail upon, or cause; . . . [t]o 'procure' an act to be done is not synonymous with to 'suffer' it to be done. . . ."

In Webster's Third New International Dictionary, page 1809, the definition of the word "procure" includes "to take care of, bring about, obtain . . . to cause to happen or be done . . . to cause to come to an indicated place. . . ."

When the plaintiff failed to appear at the trial of his case he thereby voluntarily caused or brought about his absence from the trial, and he thereby prevented his examination as a witness by his own counsel and by counsel for defendants. He deprived the jury and the trial judge of the benefit of such information as they would have obtained by his presence on the witness stand.

There is no intimation in the record that plaintiff's absence was caused by illness, age, infirmity or for any reason other than his own volition. His absence was the result of an act of "will" on his part. We construe a voluntary and unexplained absence as a "procured" absence.

Counsel for plaintiff points to the last sentence of Rule 4:1 (d) (3) which provides that "but on motion made before the commencement of the trial, the court may, for good cause shown, require any such witnesses to attend in person". He argues that if the personal presence of the plaintiff was desired by the defendants, and if they intended to object to the introduction of discovery deposition, they should have made a proper motion at the commencement of the trial. We disagree. This provision is applicable to a witness whose absence is excusable under one or more of the respective conditions of the rule, but whose personal appearance and testimony in open court are deemed necessary. Under such circumstances the court has the discretion, for good cause shown, and on motion made before the commencement of the trial, to require the attendance of such a witness in person.

In the instant case the plaintiff was not absent for any valid reason permitted by the rule and therefore defendants were under no obligation to make a motion at the outset of the trial that the court require his attendance in person. Furthermore, there was no intimation that the plaintiff would not appear until the announcement of that fact by his counsel and the attempted introduction of the discovery deposition. In fact counsel for the plaintiff stated in open court that he expected the attendance of the plaintiff and had offered to advance his expenses incident thereto.

Under these circumstances the trial court properly ruled that the plaintiff had procured his own absence from the trial and was not entitled to use the discovery deposition in evidence. Absent the testimony of the plaintiff the evidence of liability was insufficient to sustain a verdict in his behalf and the court properly struck the evidence and entered judgment for the defendants.

*Affirmed.*