THOMAS ᴇᴛ ᴀʟ. *v.* BALTIMORE TRANSIT COMPANY

[No. 22, October Term, 1956.]

*Decided November 19, 1956.*

The case was argued before BRUNE, C. J., and COLLINS, HENDERSON and HAMMOND, JJ., and HENDERSON, J., Chief Judge of the Fourth Judicial Circuit, specially assigned.

*Amos I. Meyers* and *Robert S. Rody,* for appellants.

*Benjamin C. Howard,* with whom was Patrick O'Doherty on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

Alice V. Thomas and her husband, Nobel Henry Thomas, brought suit against the Baltimore Transit Company for damages resulting from personal injuries suffered by Alice V. Thomas while a passenger on one of the Transit Company's trolley cars. There was a verdict for the defendant, whereupon this appeal was taken. It is based on three grounds: first, that the jury was instructed to consider whether she had been guilty of contributory negligence, when there was no evidence of negligence on her part; second, whether the trial court erroneously struck out the testimony of a physician regarding his findings as to her condition; third, that the trial court erroneously had refused to permit plaintiffs' counsel to ask certain hypothetical questions.

On November 14th, 1952, about 5:00 p. m., Alice V. Thomas was a passenger on one of the Transit Company's trolley cars which was going west on Fayette Street. At St. Paul Street it was stopped by a red light. Since her destination was Charles Street, one block away, Mrs. Thomas walked to the front of the car in order to be ready to alight. She remained

standing, but she placed her handbag on the seat near her. There were vacant spaces on this seat which runs along and parallel to the right-hand side of the car.

She held on with both hands, she says, to an overhead leather strap. (The photo of the car in question shows no overhead leather straps or handgrips on the right side. There is a bar running horizontally above the seats and at about the height of the bar on the opposite side of the car to which are attached handgrips. And there are several vertical bars or stanchions running from the floor up to the gripless horizontal bar, and which could be grasped by those near them. One of these is only a short distance from the front entrance.)

When the light changed to green the motorman started his car. When it had gone forward about twenty feet or so he was stopped by the traffic officer who was then temporarily directing traffic from "where the bus island is out there now". This was done because westbound traffic had backed up from Charles Street, so that the trolley, if allowed to proceed, would have blocked northbound traffic on St. Paul Street. There is a difference in the testimony as to the suddenness of the stop. But there is testimony that Mrs. Thomas was thrown forward and down on the right side seat, and that she immediately complained of pain in her back. After a short interval the car was able to move forward to the far side of St. Paul Street, where Mrs. Thomas was helped off the car and was taken to a hospital. It was discovered she had been afflicted with Paget's disease, an inflammation of the bones, which is probably incurable. An x-ray revealed "she sustained lumbo-sacral sprain," presumably as a result of the accident.

There was a general verdict for the defendant in the Court of Common Pleas of Baltimore; and, since the jury was permitted to pass on the negligence *vel non* of the plaintiff, it is not possible to tell whether this was based on a finding that the defendant was not negligent or that plaintiff herself was. Therefore it is necessary to determine whether the actions of plaintiff were such that the jury could be permitted to consider this question.

In the instructions to the jury there were five different

places at which the possibility of the contributory negligence of the plaintiff was mentioned. When plaintiff's counsel objected that the only act of plaintiff which could possibly be considered negligent was "that the Plaintiff was not sitting in a seat, which, I do not think, makes for negligence as a matter of law," the trial judge refused to recognize the force of the objection and gave his reasons as follows:

> "* * * I stated the other day the reasons that I believe the matter of contributory negligence was one to be submitted to the Jury. That conclusion was based particularly upon the Plaintiff's own testimony when she said that she had gotten out of her seat to walk to the front of the car in order to get off at Charles Street because 'You are not supposed to walk in the car when it is going', showing she herself realized the dangers to a passenger while riding on a street car, and moreover the evidence shows that although she was conscious of these dangers she elected to stand in the car instead of sitting down although there were plenty of seats available at the point where she was standing and in other parts of the street car. That she was probably more familiar with her own frailties than anyone else might be indicated by her statement that she should not walk while the car was in motion. I think that in view of all these facts it cannot be said as a matter of law that she was not guilty of any contributory negligence in the matter and that therefore it was a question for the Jury to determine."

It will be recalled that it was while the car was stopped on the east side of St. Paul Street that plaintiff walked forward to the front of the car and that she remained standing, but holding on to a strap (according to her but to an upright bar or stanchion according to some witnesses), although there were vacant spaces on the seat beside her.

The reasoning of the trial judge is evidently based at least partly on the assumption as to Mrs. Thomas "That she was probably more familiar with her frailties than anyone else

might be indicated by her statement that she should not walk while the car was in motion." It is true that she was afflicted with Paget's disease, but there is no evidence whatever that she knew it. For some years she had been doing most of the household work for Mr. and Mrs. Hobbs, traveling to work and back by trolley five days a week up to the time of the accident. Also, Paget's disease is often asymptomatic until injury, as is shown by the testimony of Drs. Copeland and Levin. Her own attending physician did not know about this disease of hers until just before the trial.

Nor should her statement about not walking while the car is in motion be interpreted that she meant that this was due to any physical infirmity of hers. This was made under cross-examination.

> "Q. Now, did you sit down alongside of the bag? You had another block to go? A. No. I always gets ready before it starts, you know so I know I will be there and then I won't be pushing anybody else, the streetcar going, I am not supposed to walk on the streetcar while it is going, so I got up.
>
> Q. Now, you are not supposed to walk while it is going? A. No, sir.
>
> Q. It had another block to go. There were only nine or ten people on the car; why did you not sit down? A. I guess that is why I just walked on the streetcar. I was perfectly still with my bag.
>
> Q. There was plenty of room for you to sit down alongside of your bag? A. Yes, sir."

It will be noted that counsel for the Transit Company did not explore the matter further and attempt to elicit an admission that this was a special precaution *she* had to take, and not merely one that applies to everyone.

This leads us to determine whether her choosing to stand near the exit for the distance of one block before the place where she intended to alight when she could have seated herself on a nearby vacant seat is sufficient evidence of contributory negligence to justify the trial court's requiring the jury to pass on this.

In the recent case of *Baltimore Transit Co. v. Sun Cab Co.,* 210 Md. 555, the passenger was on a trolley car which was so crowded that he had to remain standing on the front platform "holding on to the windowsill or dash". There was a collision between the trolley car and a taxicab, as a result of which the passenger was injured. It was contended by the Transit Company that the passenger was guilty of contributory negligence as a matter of law. But this Court held that he was not; and the question of his negligence was properly submitted to the jury. The opinion cited a number of Maryland cases in which the facts had been somewhat similar and in which the same result had been reached, and went on to say:

"'* * * The standard of care to be used in measuring contributory negligence is the conduct of an ordinarily prudent person under the same or similar circumstances, and not that of a very cautious person, and even if the doing of what was done turns out to have been an error of judgment, this of itself does not make the act negligent if an ordinarily prudent person would have made what proves to have been the same error.'"

But in this case appellant argues we should go still farther, and hold as a matter of law that Mrs. Thomas was *not* guilty of contributory negligence. The applicable principles were thus laid down by Judge Hammond in *Lindenberg v. Needles,* 203 Md. 8:

"* * * It is constantly reiterated in the books that contributory negligence cannot be found as a matter of law, unless the evidence permits of but one interpretation which shows some prominent and decisive act in regard to which there is no room for ordinary minds to differ. *Beck v. Baltimore Transit Co.,* 190 Md. 506, 58 A. 2d 909; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517; *Brown v. Bendix Aviation Corp.,* 187 Md. 613, 51 A. 2d 292.

"Conversely, if there is no evidence of acts or conduct from which a reasonable mind could find or in-

fer negligence on the part of a plaintiff, it is error to instruct a jury as to contributory negligence. *Goldman v. Johnson Motor Lines,* 192 Md. 24, 63 A. 2d 622; *Garozynski v. Daniel,* 190 Md. 1, 57 A. 2d 339; *Anne Arundel County Com'rs v. Carr,* 111 Md. 141, 73 A. 668; *Sieland v. Gallo,* 194 Md. 282, 71 A. 2d 45; and *Klein v. Dougherty,* 200 Md. 22, 87 A. 2d 821.

"* * * If the plaintiff does not himself adduce evidence of negligence on his part, and the defendant fails to produce testimony which will justify a finding of such negligence, the Court should not instruct the jury at all as to contributory negligence, or should instruct the jury, as a matter of law, that the plaintiff was not guilty of contributory negligence."

There can be no doubt but, that, had one of the seated passengers been injured by the sudden stop, there would have been no question of contributory negligence to be submitted to the jury. But here the plaintiff had remained standing, although she knew there was still one block to go and she saw the vacant seat beside her. And, although the movement to the front of the car was evidently necessary to expedite her alighting from the car when it stopped, her being seated rather than standing would have delayed to a very small extent her alighting. But if standing and holding on while a car is in motion is evidence of negligence, then the conduct of every passenger, who might rise and start toward an exit while the car is in motion, would have to be submitted to the jury, and could be found to be negligence. Yet this particular action is so customary as to be taken as a matter of course. And as to the conduct of the plaintiff, who remained standing with but one block still to go, and held on either to a strap or to a hand-hold or to a stanchion, we conclude this was insufficient evidence of negligence to permit the jury to be instructed that contributory negligence was an issue in the case. Under these facts to leave to the jury the question of contributory negligence was submitting a question of pure speculation and conjecture, which should not have been done. *Brooks v. Sun*

*Cab Co., Inc.,* 208 Md. 236, 242-245; *Goldman v. Johnson Motor Lines,* 192 Md. 24, 33.

In view of the testimony adduced and admitted in this case, we consider it unnecessary to reconsider the rule of *Parker v. State,* 189 Md. 244, as appellant urges us to do, because it appears that all the material evidence which the appellant sought to bring in through the testimony of an expert witness (who was an examining and not an attending physician) was later admitted on the basis of his objective findings.

The refusal of the trial court to permit certain hypothetical questions is not properly before us. These questions were not printed in the record extract and cannot be considered by this Court.

*Judgment reversed, with costs.*
*Case remanded for new trial.*