Present:  All the Justices

GREATER RICHMOND TRANSIT CO., ET AL.

v.  Record No. 032349     OPINION BY JUSTICE DONALD W. LEMONS
                                September 17, 2004
LYNDA MASSEY

          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Theodore J. Markow, Judge

     In this appeal, we consider whether the trial court

properly permitted a plaintiff to introduce an absent

witness's deposition into evidence under Rule 4:7(a)(4).  We

also consider whether the trial court properly refused to

grant one or more of three instructions concerning

contributory negligence.

               I.  Facts and Proceedings Below

     On April 11, 2002, a Greater Richmond Transit Company

("GRTC") bus driven by Clarence R. Muhammad ("Muhammad")

collided with an automobile driven by James R. Ryan ("Ryan")

at the intersection of Marshall Street and North 1st Street in

Richmond, Virginia.  Lynda L. Massey ("Massey") was a

passenger on the bus at the time of the accident.

     Anthony Connerly ("Connerly") was an eyewitness to the

accident.  In a videotaped deposition, Connerly testified that

the bus sped through a red light at the intersection

immediately before the collision.

Both Massey and Ryan subpoenaed Connerly to the trial. However, Connerly did not appear. A telephone call to his office resulted in a message to the trial court that Connerly was "on a construction site and he's unable to get here." The trial court permitted Connerly's videotaped deposition to be viewed by the jury over the objection of GRTC. GRTC was permitted to introduce into evidence a portion of Connerly's testimony from a previous court proceeding related to the accident. GRTC was also permitted to introduce testimony from its claims agent about her conversation with Connerly after the accident.

According to Massey, at the moment of impact, she was seated two seats behind the driver, facing the aisle. The impact threw her from her seat and she landed near the driver's seat. According to Muhammad, Massey "stood up about 30 feet away from the intersection" and was standing in front of her seat at the moment of impact.

Pursuant to a jury verdict, the trial court entered judgment against Muhammad and GRTC, "individually and severally," in the amount of $50,000. GRTC appeals the adverse judgment of the trial court.

## II. Analysis

GRTC maintains that the trial court erred in admitting Connerly's videotaped deposition as evidence and in refusing to instruct the jury on contributory negligence. We disagree.

A. Admission of the Deposition as Evidence

GRTC maintains that allowing Anthony Connerly's deposition to be read into evidence violated Rule 4:7(a)(4) which states, in relevant part:

> The deposition of a witness, whether or not a party, may be used by any party for any purpose in any action at law, issue out of chancery or hearing ore tenus in equity if the court finds: (A) that the witness is dead; or (B) that the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of this Commonwealth, unless it appears that the absence of the witness was procured by the party offering the deposition; or (C) that the witness is unable to attend or testify because of age, illness, infirmity, or imprisonment; or (D) that the party offering the deposition has been unable to procure the attendance of the witness by subpoena . . .

GRTC argues that Connerly's absence was not the type of absence that would allow the use of his deposition as evidence at trial under Rule 4:7(a)(4). However, Connerly's absence fits squarely under subsection (D). Both Massey and Ryan had subpoenaed Connerly, but he did not appear. They were unable to procure his attendance by subpoena.

King v. International Harvester Co., 212 Va. 78, 85, 181 S.E.2d 656, 661 (1971), cited by GRTC is inapplicable to the facts of this case. King involved a situation in which the

3

plaintiff chose not to attend the trial.  In those circumstances, we held that the plaintiff would not be permitted to introduce his own deposition as evidence.  Here, a nonparty witness's testimony was sought.  Unlike a party, who presumably controls its own participation, the use of a subpoena is required to compel the attendance of a nonparty.  Here, the plaintiff used a subpoena, but was unable, nonetheless, to compel the attendance of the witness.

There is no evidence in this case that Connerly's absence was procured by plaintiff.  Under the circumstances of this case, we cannot say that the trial court abused its discretion in admitting the videotape deposition under Rule 4:7(a)(4)(D).

B.  Refusal of Contributory Negligence Instructions

GRTC assigns error to the trial court's refusal to grant one or more of three jury instructions on contributory negligence.  GRTC argues that an instruction on contributory negligence was appropriate because it had introduced evidence, in the form of the testimony of Muhammad, that Massey had risen from her seat before the bus came to a complete stop. The trial court refused to give the instructions "because it is not negligent normally to stand up in a bus before it stops so you can get to the door if you are going to get off at the next corner."

4

Assuming, for the purposes of evaluating the jury instruction, that Massey left her seat on the bus prior to the impact with the automobile, the reasoning in Sikyta v. Arrow Stage Lines, Inc., 470 N.W.2d 724 (Neb. 1991), is persuasive. In that case, a passenger on a chartered bus left her seat near the front of the bus while the bus was moving, to use a bathroom provided at the rear of the bus. The bus applied its breaks suddenly and the passenger landed headfirst in the stairwell of the bus. Id. at 726-27. Citing case law from Nebraska and other jurisdictions, the Nebraska court concluded that "in and of itself, a passenger's act of standing in a moving bus is not negligence. For that reason, the mere act of standing without reference to attendant circumstances, cannot be classified as negligence on [the passenger's] part." Id. at 730-31 (citing Jacobs v. Milwaukee & Suburban Transp. Corp., 165 N.W.2d 162, 164 (Wis. 1969); Southeastern Greyhound Lines, Inc. v. Chumley, 226 S.W.2d 777, 780 (Ky. 1950); Sanders v. New Orleans Public Service, Inc., 422 So.2d 232, 235 (La. App. 1982)).

In Thomas v. Baltimore Transit Co., 127 A.2d 128, 131 (1956), the Maryland court held that rising and starting "toward an exit while the [streetcar] is in motion . . . is so customary as to be taken as a matter of course" and is "insufficient evidence of negligence to permit the jury to be

5

instructed that contributory negligence was an issue in the case."  In <u>Longfellow v. City of Detroit</u>, 5 N.W.2d 457, 459 (Mich. 1942), the court concluded that the plaintiff "had a right to leave her seat and go to the front of the bus preparatory to alighting."  According to the court in <u>Babcock v. Los Angeles Traction Co.</u>, 60 P. 780, 782 (Cal. 1900):

> [t]here is no rule of law which requires a passenger in a street-car to retain his seat or other position until the car has actually stopped, and it is a matter of universal observation that thousands every day leave their seats to get off before the car has stopped, without sustaining any injury.

The New York court in <u>Wylde v. Northern Railroad Co. of New Jersey</u>, 53 N.Y. 156, 161 (N.Y. 1873), stated:

> There is no ground for imputing negligence to the plaintiff. . . .  The train had reached its destination, and the plaintiff left his seat with a view of leaving the car as soon as the train stopped.  He did, as passengers usually do, and what the company must have known they were accustomed to do, and the plaintiff could not have supposed that the act was inconsistent with safety.

Finally, in <u>Massotto v. Public Service Coordinated Transport</u>, 156 A.2d 483, 485 (N.J. Super. 1959), the New Jersey court held that "[t]he fact that plaintiff was injured when she was in the act of choosing another seat in the bus" did not provide a "factual basis for a finding that plaintiff was guilty of contributory negligence."

In this case, viewing the evidence in the light most favorable to the party offering the instruction, Massey simply acted as an ordinary, reasonable passenger would have acted in rising from her seat as the bus approached her stop. GRTC is not entitled to a jury instruction on contributory negligence when there is no evidence tending to show Massey's negligence. Sawyer v. Comerci, 264 Va. 68, 75, 563 S.E.2d 748, 753 (2002) ("[M]ore than a scintilla of evidence is necessary to establish each of the elements of contributory negligence before such instruction may be given to a jury."). The trial court properly refused GRTC's proposed contributory negligence instructions.

## III. Conclusion

For the reasons stated, we hold that the trial court properly admitted the deposition of Anthony Connerly as evidence and properly refused GRTC's proposed instructions on contributory negligence. The verdict of the trial court will be affirmed.

<u>Affirmed.</u>