## CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Doretha Willis,
Next Friend of
Oliver Willis

v.

Vasken Tenekjian et al.

July 1, 2005

Case No. CL05-1034

BY JUDGE DEAN W. SWORD, JR.

This matter is before the court upon the motion of the plaintiff seeking to quash a notice to take the deposition of Dr. Patrick Loehrer, an expert witness employed by the defendant. Should the court deny the above motion, the plaintiff seeks a protective order essentially requiring the witness to appear in Virginia for the deposition. For the reasons stated hereafter the court denies both motions with certain qualifications.

### Procedural History

This case is a medical malpractice action that was originally filed on October 18, 2001, and was our docket number CL01-2633. Because of several issues that ultimately were resolved by mutual agreement, the initial case was dismissed and subsequently refiled on April 22, 2005. Almost, if not all, of the discovery was transferred by agreement, and the current trial date of August 8, 2005, was also retained.

In preparation for trial, the expert, Dr. Loehrer, has advised counsel that, due to a prior commitment, he is unable to be present at trial. It is also important to note that Dr. Loehrer practices medicine and resides in the Indianapolis, Indiana, area, which is outside of the Commonwealth of

Virginia and more than 100 miles from our courthouse. Because of the inability of the witness to be present for trial, the defendant proposes to take his deposition and use it at trial pursuant to Rule 4:7 *et seq.* of the Rules of the Supreme Court of Virginia.

### *Objection To the Deposition*

The plaintiff argues that the deposition should not be taken because it is not admissible under the provisions of Rule 4:7(a)(4)(B), which states, *inter alia*:

> The deposition of a witness . . . may be used by any party. . . .
> (B) . . . unless it appears that the absence of the witness was procured by the party offering the deposition. . . .

In support of his argument, the plaintiff cites *King v. International Harvester Co.*, 212 Va. 78, 181 S.E.2d 656 (1971). In *King* the Supreme Court affirmed the refusal of the trial court to allow an absent plaintiff to use his discovery deposition in lieu of appearing at trial. Noting that while the plaintiff "was a non-resident of Virginia, living in Florida . . . Plaintiff's attorney did not know why his client was not present." (*Id.* at 79-80.)

The plaintiff argued that Rule 4:1(d)(3) (now Rule 4:7 in relevant parts) allowed the use of the deposition. The defense, of course, argued that the plaintiff had procured his own absence and was thus not entitled to use the deposition.

The *King* court reviewed a number of federal authorities construing Rule 26(d)(3) of the Fed. Rules Civ. Proc. (which was almost word for word with the Virginia Rule) and came to the conclusion that "a party who is out of the state . . . may not use his own deposition at trial unless it appears that he could not be present. . . ." (*Id.* at 84.)

While reviewing a number of circumstances when a party's deposition might be used in lieu of his in-person testimony the court concluded:

> the plaintiff was not absent for any valid reason permitted by the rule . . . there was not intimation that the plaintiff would not appear until the announcement of that fact by his counsel . . . In fact counsel . . . stated in open court that he expected the attendance of the plaintiff. . . .

Under these circumstances the trial court properly ruled that the plaintiff had procured his own absence from the trial. . . .

(*Id.* at 85.)

In attempting to analogize the *King* rule to our case, the plaintiff argues that, by hiring an out of state expert witness, the plaintiff is procuring his absence when the witness is unavailable to come to Virginia and testify in person. It goes without saying that no authority has been cited to the court for such a proposition.

Under normal circumstances, a party is allowed to retain such experts as he may see fit. While the discretion granted to the trial court allows the court to reject an expert in certain circumstances, it is generally the substance of the proposed testimony rather than the logistics of the selection process that merits inquiry. *See* the discussion in *Countryside Corp. v. Taylor*, 263 Va. 549, 553-54, 561 S.E.2d 680 (2002).

Indeed, it has become a routine matter to find medical experts from across the United States being retained to provide testimony in cases of this nature. Short of the court finding that in some way the selection of an out of town expert is a deliberate attempt by a party to create an undue hardship upon the other side, this court is of the opinion that it is inappropriate for it to be called upon to approve or disapprove of the selection of a given expert witness. Finding no evidence of such a motive, the court is unable to come to the conclusion suggested by the plaintiff.

Does then such a deposition meet the other criteria for admission? Rule 4:7(a)(4)(B) clearly allows the use of a deposition as evidence at trial if one of several requirements are met:

the witness is at a greater distance than 100 miles from the place of trial . . . or is out of the Commonwealth. . . .

Clearly, this witness meets both of these criteria and, having found that the absence would not be "procured" by the defendant, the motion to quash must fail. *See also Greater Richmond Transit Co. v. Massey*, 268 Va. 354, 357, 601 S.E.2d 609 (2004), for a more recent treatment of the issue and allowing the use of a deposition. This case seems to place emphasis on the fact that King was the plaintiff "who presumably controls [his] own participation."

## Protective Order

It is also suggested to the court that it should require the deposition of Dr. Loehrer to be taken at a location in or near the situs of the court.

While not necessarily being correct, the court will observe that counsel who practice in this area have developed certain understandings about how and where non-party witnesses are deposed. This court has no rules that address this issue and when disputes arise they are decided on a case by case basis. Frequently out of town (state) depositions are conducted without objection.

Rule 4:5(a1) does provide some guidance:

> Depositions shall be taken. . . . If a nonparty witness is not a resident of the Commonwealth, his deposition may be taken in the locality where he resides or is employed or at any other location agreed upon by the parties.

Reference is also made to the requirements imposed by Rule 4:1(b)(4) when a party wishes to discover the opinions of an expert.

There is no basis for a protective order that would be in contravention of Rule 4:5. The deposition may take place in Indianapolis, Indiana, or some other place that counsel may agree upon. There being no agreement, Indianapolis will be the place.

## Qualifications

Finally, counsel for the plaintiff argues that he is without the financial resources to attend a deposition in Indianapolis.

While it is generally not for the court to say when a lawyer should undertake representation of a given client, counsel is reminded of the requirement of Rule 1:1 of the Virginia Rules of Professional Conduct. When counsel decides to undertake the representation of a certain type of matter, he must do so with the understanding that certain resources will be required to properly prepare and prosecute the case. If counsel is unable to meet this obligation, then it may be unwise to accept such employment.

It is also unrealistic to expect a court to provide any assistance in this area except to protect against abuse of the system by the other party.

Having previously noted that the parties may still agree about the conduct of the deposition, the court will require the defendant to do the following:

1. Should the plaintiff so desire, reasonable arrangements shall be made to allow the plaintiff to have "real time" access to the deposition. The plaintiff shall be obligated to make the physical arrangements and proceed at his own expense.

2. The defendant shall develop the record so that, if necessary, the court will have a reasonable explanation as to why Dr. Loehrer is unable to be present at trial in Virginia.