## CIRCUIT COURT OF FAIRFAX COUNTY

Mid South
Building Supply, Inc.

v.

Mark Moseley
Home Improvements, Inc., et al.

November 24, 1993

Case No. (Law) 125494

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the plaintiff's motion for summary judgment. On November 19, 1993, this Court granted summary judgment (and final judgment) against the corporate defendant, Mark Moseley Home Improvements, Inc., in the amount of $11,414.75. The Court also granted partial summary judgment against the individual defendant, Mark Moseley, in the amount of $5,000.00. The Court further ordered that the plaintiff's action for the remainder of its claim against the individual defendant proceed on the issue of a limitation on the personal guaranty. This Court reserved ruling on the issue of whether the plaintiff could immediately execute on the order granting partial summary judgment against the individual defendant in the amount of $5,000.

This Court finds that the plaintiff may not execute on the partial summary judgment order entered against the individual defendant, Mark Moseley, until the Court enters a final order in this cause as to that defendant.

Rule 3:18 of the Rules of the Supreme Court of Virginia provides in pertinent part:

> Summary judgment, *interlocutory in nature*, may be entered as to the undisputed portion of a contested claim or on the issue of liability alone although there is a genuine issue as to the amount of damages. (Emphasis added.)

Only final judgments and decrees, with limited exceptions, are appealable. In equity cases, appeals may lie as to interlocutory orders and decrees of circuit courts that grant or deny injunctions, require money to be paid, or title to property transferred, or which adjudicate the principles of a cause. § 8.01–670 of the Code of Virginia. The order of this Court granting partial summary judgment is interlocutory in nature and does not fall within any of the exceptions enumerated in § 8.01–670. Therefore, the order is not appealable until the court enters a final order in the cause. Since the order may not be immediately appealed, neither may it be executed upon until this Court makes a final disposition of the entire case.