Present: Hassell, C.J., Lacy, Keenan, Koontz, Kinser, and Lemons, JJ., and Compton,* S.J.

SAMUEL H. THORNTON, JR.

v. Record No. 051612     OPINION BY JUSTICE DONALD W. LEMONS
                                              April 21, 2006
LIMOR GLAZER, D.P.M., ET AL.

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
Michael C. Allen, Judge

In this appeal, we consider whether the trial court erred in its refusal to admit certain deposition testimony pursuant to Rule 4:7 and whether the trial court erred in its refusal of a jury instruction regarding adverse witness testimony.

I.    Facts and Proceedings Below

Samuel H. Thornton, Jr. ("Thornton") sought treatment from Dr. Limor Glazer, D.P.M. ("Glazer"), a podiatrist, for severe foot pain and deformity.  Glazer diagnosed several problems afflicting both of Thornton's feet, and ultimately performed two surgeries on Thornton.  First, she operated on the lesser toes of his left foot to correct the condition commonly referred to as "hammertoes."  During a follow up visit after the first surgery, Thornton complained that he could not put weight on his foot because "it felt like [he] was walking on bone."  Nearly two years after the surgery, Thornton sought treatment with Dr. Mark Jones, who concluded

_____

* Senior Justice Compton participated in the hearing and decision of this case before his death on April 9, 2006.

that the surgery performed by Dr. Glazer on the lesser toes of Thornton's left foot had caused a "valgus deformity" in his second, third, and fourth toes including severe hyperextension of the second toe that caused Thornton a great deal of pain. After attempting more conservative treatments, Thornton's second toe had to be amputated.

Thornton filed a medical malpractice suit against Glazer and her practice group, alleging they were negligent in failing to appropriately diagnose and treat Thornton's condition, and failing to obtain informed consent for the surgeries performed by Glazer. The jury returned a verdict for the defendants and Thornton noted his appeal. In his first assignment of error, Thornton argues that the trial court erred by refusing to admit deposition testimony from Dr. Jones as rebuttal testimony on causation. In his second assignment of error, Thornton argues that the trial court erred in refusing his proffered jury instructions pertaining to adverse witness testimony. In his third assignment of error, he alleges error in the trial court's refusal to grant an instruction concerning lack of consent to surgery. Finally, in his fourth assignment of error, Thornton maintains that the trial court erred in "not setting aside the jury verdict as being improper and against the great weight of the law and the evidence."

## II.  Analysis

### A.  Refusal to Admit Deposition Testimony

The facts pertinent to this assignment of error concern the testimony of the plaintiff's expert witness, Dr. Jones, who was Thornton's treating physician at the time of trial. Dr. Jones testified ore tenus that the prior surgeries performed by Dr. Glazer caused the deformities in the lesser toes of Thornton's left foot.  Upon completion of Dr. Jones' testimony, he was released from his subpoena and permitted to leave.  During the defendant's case-in-chief Dr. Charles M. Zelen testified that the deformity on the lesser toes of the left foot was caused by "walking on the heel and the side of [the] foot" for a period of eleven months after the surgery performed by Dr. Glazer.  For rebuttal, Thornton sought to introduce a portion of Dr. Jones' deposition wherein he testified that the deformity could not have been self-imposed by use of the foot.  Although Dr. Jones testified earlier in the trial, he had been released and was no longer subject to a subpoena.

The trial court denied Thornton's motion on the basis that Rule 4:7 did not permit introduction of the deposition testimony.  The trial court stated from the bench that Rule

3

4:7 applies only "to circumstances in which the witness is unavailable at all. Does not attend trial. Once they have attended the trial and been released, I am not sure any of these apply . . . ."

Rule 4:7(a)(4) in pertinent part provides:

> (4) The deposition of a witness, whether or not a party, may be used by any party for any purpose in any action upon a claim arising at law . . . if the court finds: . . . (E) that the witness is a judge, or is a superintendent of a hospital for the insane more than 30 miles from the place of trial, *or is a physician, surgeon, dentist, chiropractor, or registered nurse who, in the regular course of his profession, treated or examined any party to the proceeding*, or is in any public office or service the duties of which prevent his attending court provided, however, that if the deponent is subject to the jurisdiction of the court, the court may, upon a showing of good cause or sua sponte, order him to attend and to testify ore tenus . . .

(Emphasis added.) When applying our rules, we adhere to the plain language used in the rule. Lifestar Response of Md., Inc. v. Vegosen, 267 Va. 720, 724, 594 S.E.2d 589, 591 (2004); Mechtensimer v. Wilson, 246 Va. 121, 122, 431 S.E.2d 301, 302 (1993). Rule 4:7(a)(4)(E) applies to deposition testimony by a physician who either treated or examined any party to the proceeding. Contrary to other subsections in Rule 4:7(a)(4) that specifically require unavailability of the witness, the application of subsection (E) is based entirely upon the

4

witness falling within one of the listed categories. Consequently, a party is entitled to offer into evidence the deposition testimony of a treating physician even if the physician is available, unless the trial court finds "good cause" under subsection (E) to order attendance to testify ore tenus.

This conclusion is directly supported by our prior holding in Henning v. Thomas, 235 Va. 181, 191, 366 S.E.2d 109, 115 (1988), where we said: "First, Rule 4:7(a)(4)(E) does not make lack of availability a prerequisite for the use of a deposition of a treating or examining physician. Second, the last phrase of the rule . . . provides a mechanism for determining when in-person testimony will be required." In Henning, the treating physician (whose deposition was admitted) was deemed available in the jurisdiction where the trial was held, but we held that admission of the deposition testimony was not error under the plain terms of this rule, and while the option for the opponent to show good cause for requiring testimony ore tenus exists under the rule, "[t]he defendants never sought to avail themselves of this mechanism." Id.

When announcing its interpretation of Rule 4:7, the trial court cited King v. International Harvester Co., 212 Va. 78, 181 S.E.2d 656, as supporting its view of Rule 4:7. However,

our holding in King is inapposite to the facts presented in this case.  There, we analyzed Rule 4:1(d)(3)(2), a predecessor to the current Rule 4:7(a)(4)(B), and the sole question we addressed was whether a party deponent had "procured" his own absence from the trial within the meaning of the Rule.  212 Va. at 80, 181 S.E.2d at 658.  We held that " 'the absence' of the witness as used in the *second condition* of the rule means absence from the trial."  Id. at 84, 181 S.E.2d at 660 (emphasis added).  The "second condition" referred to is the current Rule 4:7(a)(4)(B), which requires that a deponent be located farther than 100 miles from the place of the trial or hearing in order for deposition testimony to be used.  Clearly, that is not the issue in this case because here the deponent is a treating physician, not a party, and it was never argued that he was located outside 100 miles from the trial.  As a result, our prior interpretation of what is now subsection (B) is not relevant to these facts, but subsection (E), which pertains to treating physicians, is dispositive.

Pursuant to Rule 4:7(a)(4)(E), Thornton was entitled to use the deposition testimony of his treating physician "for any purpose," so long as it met the conditions for admissibility, without regard to availability or prior attendance for testimony ore tenus at trial.  The trial court

6

erred by denying Thornton's motion to use the deposition testimony in rebuttal.

### B. Refusal of Instruction No. 22

Thornton offered Instruction No. 22 which was refused by the trial court. The instruction read:

> The plaintiff called the defendant as an adverse witness. The plaintiff is bound by as much of the defendant's testimony given as an adverse witness as is clear, logical, reasonable and uncontradicted.

> The plaintiff is not bound by any of the defendant's testimony given as an adverse witness that conflicts with any of the other evidence in the case.

Thornton sought this instruction to provide guidance to the jury in its consideration of the defendant's deposition testimony that was introduced during Thornton's case in chief.

The trial court's refusal was based solely upon the fact that "reading part of deposition testimony under Rule 4:7 is not the same as calling a party as a witness." We have previously held that "[t]he deposition of an adverse party that is received in evidence as substantive proof is oral testimony." Horne v. Milgrim, 226 Va. 133, 138, 306 S.E.2d 893, 895 (1983). Deposition testimony that is admitted into evidence should be treated in the same manner as live testimony. For the purpose of an instruction regarding the jury's consideration of testimony of an adverse witness, there

7

is no distinction to be made between ore tenus testimony and deposition testimony pursuant to Rule 4:7.

It is well settled that when a defendant testifies as an adverse witness, the plaintiff is bound by that testimony to the extent that such testimony is reasonable and uncontradicted by the plaintiff's evidence. <u>E.g.</u>, <u>Economopoulos v. Kolaitis</u>, 259 Va. 806, 812, 528 S.E.2d 714, 718 (2000); <u>Miller v. White</u>, 222 Va. 311, 315, 281 S.E.2d 802, 804 (1981); <u>S & W Motor Lines, Inc. v. Bayliss</u>, 212 Va. 124, 125, 183 S.E.2d 169 (1971); <u>Weddle v. Draper</u>, 204 Va. 319, 322, 130 S.E.2d 462, 465 (1963). However, the plaintiff does not make the adverse party his own witness.

Rule 4:7(c) provides that "introduction in evidence of the deposition or any part thereof for any purpose other than that of contradicting or impeaching the deponent makes the deponent the witness of the party introducing the deposition, but this *shall not apply to the use by an adverse party of a deposition under [Rule 4:7(a)(3)].*" (Emphasis added.) Rule 4:7(a)(3) provides that "[t]he deposition of a party . . . may be used by an adverse party for any purpose." Reading these sections together, Rule 4:7 clearly establishes that a party seeking to introduce deposition testimony of an adverse party will not suffer the consequences of making the deponent his own witness. This is the conclusion we reached in <u>Horne v.</u>

8

*Milgrim*, 226 Va. at 138, 306 S.E.2d at 895, where the Court held that "Horne was entitled to rely on [the adverse party's] deposition without incurring the dangers inherent in making her his witness."

We have previously held that it is error for a trial court to refuse an adverse witness instruction, nearly identical to that offered by Thornton, when the plaintiff called the defendant as an adverse witness at trial. See *Cook v. Basnight*, 207 Va. 491, 497, 151 S.E.2d 408, 412 (1966). The fact that the plaintiff, rather than the defendant, offered the instruction makes no difference. Instruction No. 22 was a proper statement of law and it was error to refuse it.

## III. Conclusion

We hold that the trial court erred in its refusal to admit deposition testimony of a treating physician as rebuttal, and erred in its refusal of an adverse witness jury instruction. It is unnecessary to address any remaining assignments of error. Accordingly, we will reverse the judgment of the trial court and remand for a new trial.

Reversed and remanded.