Present:  Kinser, C.J., Lemons, Goodwyn, Millette, and Mims,
          JJ., and Russell and Koontz, S.JJ.

BARBARA A. RUTTER, ADMINISTRATRIX
OF THE ESTATE OF
VIRGIL W. RUTTER, DECEASED
                                              OPINION BY
v.  Record No. 100499         CHIEF JUSTICE CYNTHIA D. KINSER
                                             JUNE 9, 2011
OAKWOOD LIVING CENTERS
OF VIRGINIA, INC.

FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
Edward W. Hanson, Jr., Judge

In this appeal, we conclude that Code § 8.01-335(B), governing the discontinuance or dismissal of inactive cases, does not permit a trial court to discontinue or dismiss such a case with a self-executing, prospective order.  As that conclusion renders the order appealed from not final for purposes of appeal, we will dismiss this appeal without prejudice.

RELEVANT FACTS AND PROCEEDINGS

Barbara A. Rutter (Rutter), in her capacity as administratrix of the estate of her deceased husband Virgil W. Rutter, filed a wrongful death action in July 2000 in the Circuit Court of the City of Virginia Beach.  Rutter named as defendants Oakwood Living Centers of Virginia, Inc. (Oakwood), an assisted living facility where Virgil Rutter had lived prior to his death; Prism Rehab Systems, Inc. (Prism Rehab), a company that had contracted with Oakwood to provide physical therapy

services to residents of Oakwood; Thomas P. Dixon (Dixon), the president of Prism Rehab; and Frank Knowlton (Knowlton), an employee of Prism Rehab whose alleged negligence caused the decedent to fall and sustain a hip fracture, allegedly resulting in his death.  Rutter claimed that Oakwood, Prism Rehab, and Dixon were vicariously liable for Knowlton's negligence and sought damages against the defendants, jointly and severally.

In September 2000, Dixon and Prism Rehab  filed a notice of bankruptcy stay, notifying the circuit court that both Prism Rehab and its parent company had filed bankruptcy proceedings and that Rutter's action against Prism Rehab and Dixon was stayed pursuant to federal bankruptcy law.  In response, the circuit court entered an order on October 4, 2000 (the 2000 Order), stating:

> [T]his action is removed from the docket of this
> [c]ourt with leave to counsel to place this
> action back on the docket of this [c]ourt upon
> resolution of the bankruptcy proceeding should
> such procedure be deemed advisable.
>
> This action shall be ordered to be discontinued
> if after three years there has been no further
> order or proceeding under [Code] § 8.01-335(B)[.]

Following entry of this order, Rutter, however, continued discovery against Oakwood and in February 2001 filed a motion to compel Oakwood to answer interrogatories.  Oakwood responded by filing a notice of the bankruptcy stay order.  Asserting that

2

the 2000 Order was "unclear . . . as to whether the action against Oakwood was also removed" from the docket, Oakwood filed a motion requesting the circuit court to remove Rutter's action against it pending resolution of the bankruptcy proceedings. In March 2001, Knowlton also filed a motion to stay, claiming that the action against him was stayed pending resolution of the bankruptcy proceedings.

The circuit court did not rule on either motion, and the docket reflects no activity in the case until Rutter filed a motion in June 2005 to set a trial date. Rutter stated the bankruptcy stay was lifted in April 2002 and the action against the defendants thus could proceed pursuant to the circuit court's 2000 Order. Again, no orders or proceedings took place until April 2009, when Oakwood filed a plea of the statute of limitations and/or motion to dismiss. According to Oakwood, the 2000 Order served to discontinue Rutter's action on October 4, 2003 pursuant to Code § 8.01-335(B) because, as of that date, the action had been inactive for three years. Oakwood asserted that because the matter "abate[d]" as of October 4, 2003, Rutter then had two months, the balance of the statute of limitations remaining when she originally filed her complaint, in which to refile her action. Alternatively, Oakwood asserted that Rutter could have reinstated the discontinued action, pursuant to Code

3

§ 8.01-335(B), within one year of the discontinuance in October 2003. Oakwood argued that because Rutter had failed to employ either remedy, she could no longer pursue the action.

Rutter responded that the 2000 Order only removed the action from the circuit court's docket and did not actually discontinue it. Rutter maintained that the language of the 2000 Order contemplated a subsequent order being entered after three years of inactivity and noted that no such order had been entered. Rutter also contended that Code § 8.01-335(B) does not permit a prospective dismissal of a case, meaning the 2000 Order was void to the extent that it attempted to do so.

The circuit court sustained Oakwood's motion. In an order entered on December 18, 2009 (the 2009 Order), the court stated that the

> case was removed from the [c]ourt's docket and
> discontinued as of October 4, 2003. Under the
> provisions of [Code] § 8.01-244 . . ., a two year
> statute of limitations applies to wrongful death
> claims, leaving two months following the
> discontinuance of the case for [Rutter] to re-
> file her claim.

Because Rutter had not re-filed her action within that time, the circuit court dismissed "the Complaint against Oakwood" with prejudice.

Rutter appeals from the circuit court's judgment. She contends, inter alia, that Code § 8.01-335(B) does not permit a

4

trial court to dismiss an action prospectively, but instead requires entry of an order subsequent to the period of inactivity. Thus, according to Rutter, the circuit court erred in sustaining Oakwood's plea of the statute of limitations and dismissing the action.

ANALYSIS

The primary question on appeal, whether the circuit court erred by treating the 2000 Order as a self-executing order prospectively discontinuing Rutter's action under Code § 8.01-335(B), requires the Court to interpret the provisions of that statute. Statutory interpretation is a pure question of law reviewed de novo on appeal. Conyers v. Martial Arts World of Richmond, Inc., 273 Va. 96, 104, 639 S.E.2d 174, 178 (2007). In interpreting a statute, we must "'ascertain and give effect to the intention of the legislature,' which is usually self-evident from the statutory language." Virginia Polytechnic Inst. & State Univ. v. Interactive Return Serv., Inc., 271 Va. 304, 309, 626 S.E.2d 436, 438 (2006) (quoting Chase v. DaimlerChrysler Corp., 266 Va. 544, 547, 587 S.E.2d 521, 522 (2003)). When a statute's terms are clear and unambiguous, we apply the statute in accordance with its plain language. HCA Health Servs. of Va., Inc. v. Levin, 260 Va. 215, 220, 530 S.E.2d 417, 419-20 (2000).

5

The provisions of Code § 8.01-335(B) state:

Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

The statute's purpose is

to enable trial courts to eliminate from their dockets cases for which there is no reasonable prospect of trial. In summarily dismissing such cases, trial courts may thus promote efficiency in the administration of justice by saving the time of court personnel which would otherwise be required to preserve on the courts' dockets actions long forgotten or abandoned by litigants and lawyers.

Nash v. Jewell, 227 Va. 230, 234, 315 S.E.2d 825, 827 (1984). As recently stated, that the "plain meaning of this statute is that any action in which there is no activity by the parties for three or more years may be removed from the court's docket, either by dismissal or discontinuance." Conger v. Barrett, 280 Va. 627, 632, 702 S.E.2d 117, 119 (2010). That is, "[a] case must be inactive for three years before a circuit court may

6

dismiss a case sua sponte under Code § 8.01-335(B)."  Collins v. Shepherd, 274 Va. 390, 401, 649 S.E.2d 672, 677 (2007).

In light of the plain terms of Code § 8.01-335(B) and its purpose, we conclude that the circuit court erred when it held that the 2000 Order served to discontinue Rutter's action as of October 2003.  The provisions of Code § 8.01-335(B) allow a discontinuance when, for three years or more, "there has been no order or proceeding."  (Emphasis added.)  A trial court's determination that there has been no order or proceeding for at least three years must be made contemporaneously with the entry of the order discontinuing or dismissing the action.  This temporal requirement complies with the purpose of the statute: "to enable trial courts to eliminate from their dockets cases for which there is no reasonable prospect of trial."  Nash, 227 Va. at 234, 315 S.E.2d at 827 (emphasis added).  A trial court prospectively entering a self-executing order is unable to determine whether there has in fact been "no order or proceeding" for three or more years, or whether there is a reasonable prospect of trial.  In short, such an order would preclude a trial court from considering factors relevant to the exercise of its discretion to discontinue an action under Code § 8.01-335(B).

7

That subsection also requires the clerk of the trial court to provide the parties with a copy of the final order discontinuing or dismissing the action and allows reinstatement of such within one year of the entry of the order. Code § 8.01-335(B). However, in the case of a self-executing, prospective order of discontinuance, the clerk could not provide the parties with "the final order discontinuing or dismissing the case." Instead, the clerk could only provide an order that may be final at some point at least three years into the future. In other words, a party would have to determine on what date the action had been inactive for a period of three years for lack of an order or proceeding. Likewise, a party would not know when the one-year period for reinstatement commenced to run. Such uncertainty and guesswork is incompatible with the language of Code § 8.01-335(B) and would undermine "efficiency in the administration of justice." See Nash, 227 Va. at 234, 315 S.E.2d at 827.

Oakwood contends, however, that we have recognized the validity of a prospective, self-executing order and cites our decisions in Norris v. Mitchell, 255 Va. 235, 495 S.E.2d 809 (1998), and Berean Law Grp., P.C. v. Cox, 259 Va. 622, 528 S.E.2d 108 (2000). In both Norris and Berean Law Group, the respective trial courts entered orders sustaining a demurrer and

8

dismissing the action, but granted leave for the plaintiff to file an amended complaint by a specific date. 255 Va. at 238, 495 S.E.2d at 811; 259 Va. at 624, 528 S.E.2d at 110. We held that an order sustaining a demurrer but granting leave to amend "does not become final 'until after the time limited therein for the plaintiff to amend his [pleading] has expired.'" Norris, 255 Va. at 239, 495 S.E.2d at 811 (quoting London-Virginia Mining Co. v. Moore, 98 Va. 256, 257, 35 S.E. 722, 723 (1900)); see Berean Law Grp., 259 Va. at 626, 528 S.E.2d at 111. Applying that rationale to the present case, Oakwood argues the prospective discontinuance of Rutter's action similarly was valid and effective after three years of inactivity.

Unlike the present action, neither Norris nor Berean Law Group involved the application of a statute. Here, the circuit court's discretion to discontinue or dismiss an action for lack of any order or proceeding for more than three years is governed by Code § 8.01-335(B). And, that statute does not contemplate entry of a self-executing, prospective order of discontinuance prior to the period of inactivity. In addition, the orders at issue in Norris and Berean Law Group, containing a date certain and specifying the plaintiff's required act, did not necessitate the guesswork that would result from a prospective order of discontinuance under Code § 8.01-335(B).

9

In sum, we conclude that Code § 8.01-335(B) does not allow a trial court to enter a self-executing order prospectively discontinuing or dismissing an action. Instead, if a trial court first determines that there has been no order or proceeding in an action for more than three years, it then may discontinue or dismiss the action pursuant to Code § 8.01-335(B). The circuit court thus erred by concluding that the 2000 Order served to discontinue Rutter's action as of October 2003 and by sustaining Oakwood's plea of the statute of limitations. The 2000 Order merely removed the action from the docket and, pursuant to Code § 8.01-335(B), a subsequent order was required to discontinue or dismiss the action. Rutter's action thus remained pending in the circuit court, and she was entitled to move to set a trial date because the bankruptcy stay had been lifted in 2002.

This conclusion, however, does not end our analysis. The peculiar circumstances of this appeal require us to address an additional issue sua sponte. In the 2009 Order, the circuit court, in sustaining Oakwood's plea of the statute of the limitations, treated the 2000 Order as prospectively discontinuing the entire action, i.e., as an order that became final on October 4, 2003. Because the 2000 Order did not in fact discontinue the action and Rutter's action remained pending

10

in the circuit court, the 2000 Order never became final.  That fact calls into question whether the 2009 Order, which is challenged in this appeal, was a final, appealable order.  If it was not, this Court has no jurisdiction to hear this appeal.

In answering that question, we apply the familiar principle that "[a] court always has jurisdiction to determine its own jurisdiction."  Lewis v. C.J. Langenfelder & Son, Jr., Inc., 266 Va. 513, 516, 587 S.E.2d 697, 699 (2003); United States v. United Mine Workers, 330 U.S. 258, 292 n.57 (1947); see, e.g., Jenkins v. Mehra, 281 Va. 37, 51, 704 S.E.2d 577, 585 (2011). This principle applies even when, as here, determining jurisdiction first requires analysis of the merits of an issue. See United States v. Ruiz, 536 U.S. 622, 628 (2002) ("In order to make that determination [regarding its own jurisdiction], it was necessary for the [appellate court] to address the merits."); Childers v. Chesapeake & Potomac Telephone Co., 881 F.2d 1259, 1263 (4th Cir. 1989) (federal courts may "address a state claim on its merits in the process of determining its own jurisdiction").  See generally Myers v. Hancock, 185 Va. 454, 460, 39 S.E.2d 246, 249 (1946) (disposition on realty fixture issue resulted in the absence of jurisdiction); Western Union Telegraph Co. v. White, 113 Va. 421, 424-26, 74 S.E. 174, 176 (1912) (analysis of the meaning of a statute on the merits

11

required dismissal for lack of jurisdiction).  With these principles in mind, we now turn to the question whether we have jurisdiction to hear this appeal.

In relevant part, Code § 8.01-670(A)(3) provides that "any person may present a petition for an appeal" to this Court if that person is aggrieved "[b]y a final judgment in any other civil case."  See Comcast of Chesterfield Cnty., Inc. v. Board of Supervisors of Chesterfield Cnty., 277 Va. 293, 306, 672 S.E.2d 870, 876 (2009) (holding that "Code § 8.01-670(A)(1) does not authorize appeals of interlocutory orders in those types of controversies enumerated in that subsection").  A final order "is one which disposes of the whole subject, gives all the relief contemplated, provides with reasonable completeness for giving effect to the sentence, and leaves nothing to be done in the cause save to superintend ministerially the execution of the order."  James v. James, 263 Va. 474, 481, 562 S.E.2d 133, 137 (2002) (internal quotation marks omitted).  "'[I]n the absence of a statutory provision to the contrary, a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case.'"  Leggett v. Caudill, 247 Va. 130, 133, 439 S.E.2d 350, 351 (1994) (quoting Wells v. Whitaker, 207 Va. 616, 628, 151 S.E.2d 422, 432 (1966)).

12

Rutter named four defendants in her complaint: Oakwood, Prism Rehab, Dixon, and Knowlton. Because the 2000 Order merely removed the action from the docket, and no other order was entered discontinuing the action or dismissing any defendant, all parties remained before the circuit court when it entered the 2009 Order. That order, sustaining Oakwood's plea of the statute of limitations, stated that "the Complaint against Oakwood is dismissed." The order adjudicated nothing with regard to defendants Prism Rehab, Dixon, and Knowlton. The 2009 Order, therefore, was only "rendered with regard to some but not all of the parties involved in the case" and was not a final order for purposes of appeal. Leggett, 247 Va. at 133, 439 S.E.2d at 351.[1]

Under the "severable interests" exception, however, "a final adjudication of a collateral matter that addresses separate and severable interests can be appealed [if] the appeal cannot affect the determination of the remaining issues in the case, even if the adjudication is reversed." Thompson v. Skate Am., Inc., 261 Va. 121, 127, 540 S.E.2d 123, 126 (2001). Thus, "prior to the determination of the case against all defendants," a party may appeal an adjudication that is final "as to a

---

[1] The parties did not utilize the procedure for the appeal of an interlocutory order pursuant to the provisions of Code § 8.01-670.1. Thus, we express no opinion whether that procedure would have been applicable in this instance.

13

collateral matter, separate and distinct from the general subject of the litigation and affecting only particular parties to the controversy." Wells, 207 Va. at 628, 151 S.E.2d at 432. See generally Rule 5:8A(a).[2] In Wells, the Court held that an order was not a final, appealable order because if the plaintiff obtained "a reversal on his theory that [the dismissed defendant] was a joint venturer, then [that defendant] might be charged with liability for the same acts or omissions which are the basis of [the remaining defendant's] liability." Id. at 629, 151 S.E.2d at 433.

The 2009 Order, which was not final as to all the defendants, is thus only appealable if the "severable interests" exception applies. The 2009 Order adjudicated Rutter's ability to proceed with the cause of action only as to Oakwood. But, the interests of all four defendants are joint and not severable. Like the situation in Leggett, Rutter's allegations against Oakwood, Prism Rehab, and Dixon derive from the alleged negligent conduct of Knowlton. See Leggett, 247 Va. at 134-35, 439 S.E.2d at 352. Thus, the circuit court's adjudication as to Oakwood in the 2009 Order did not concern "a collateral matter, separate and distinct from the general subject of the litigation." Wells, 207 Va. at 628, 151 S.E.2d at 432.

---

[2] This rule, addressing appeals from partial final judgments in multi-party cases, took effect after entry of the 2009 Order.

14

CONCLUSION

In exercising jurisdiction to determine our own jurisdiction and thereby analyzing the merits of the issue presented on appeal, we conclude that Code § 8.01-335(B) does not allow the prospective discontinuance or dismissal of an action. The 2000 Order therefore merely removed Rutter's action from the circuit court's docket but did not discontinue or dismiss the action. It was not final in any respect. Further, because the 2009 Order only adjudicated Rutter's claim against Oakwood, whose interests are not severable from those of the other defendants, that order was not final for purposes of appeal. As a result, this Court has no jurisdiction over this appeal and the appeal, therefore, will be dismissed without prejudice.

<u>Dismissed without prejudice</u>.

15