## CIRCUIT COURT OF FAIRFAX COUNTY

PNC Bank, N.A.

v.

Amber Yen

February 26, 2016

Case Nos. CL-2015-16699, CL-2015-16700,
CL-2015-16701, CL-2015-16702, CL-2015-16915

By Judge Daniel E. Ortiz

These cases are before the Court on Defendant Amber Yen's ("Ms. Yen") Motion To Quash Garnishment Summons in five separate proceedings. Case Nos. CL-2015-16699, CL-2015-16700, CL-2015-16701, CL-2015-16702, CL-2015-16915. For the purposes of this Letter, Ms. Yen's five motions to quash garnishment summonses are referred to collectively as the "Motions To Quash." Plaintiff PNC Bank, National Association ("PNC"), served the garnishment summonses on various entities in its effort to satisfy a personal judgment entered in favor of PNC against Ms. Yen. After oral argument by counsel, the Court took this matter under advisement. For the reasons set forth below, the Court holds that the judgment against Ms. Yen was an interlocutory order unfit for execution and service of the garnishment summonses. Accordingly, the Court grants Ms. Yen's Motions To Quash.

### I. *Background and Prior Proceedings*

In 2014, PNC filed, among other claims, a breach of contract action against Ms. Yen, Berney Yen ("Mr. Yen"), Eloufa, L.L.C., Eloufa, L.L.C., formerly known as Eloufa Partnership, Eloufa Partnership, and Berney's Family Restaurant, Inc. During the trial held on September 30, 2015, the parties represented to the Court that Mr. Yen filed for Chapter 7 Bankruptcy

in the United States Bankruptcy Court for the Central District of California. At the conclusion of the trial, the Court entered an order that rendered judgment in favor of PNC against Ms. Yen, Eloufa, L.L.C., Eloufa, L.L.C., formerly known as Eloufa Partnership, Eloufa Partnership, and Berney's Family Restaurant, Inc. (the "Order"). However, the Order stayed all matters as to Mr. Yen.

On or about December 11, 2015, the Clerk of Court issued a writ of *fieri facias* for execution upon the property of "Eloufa, L.L.C., *et al.*" PNC proceeded to serve garnishment summonses on Ms. Yen and garnishees Wells Fargo Bank, N.A., Branch Banking & Trust Company, WashingtonFirst Bank, TSD Consulting, Inc., and New York Life Insurance Company. Ms. Yen then filed the Motions To Quash before the Court.

## II. *Arguments*

Ms. Yen contends that the judgment entered against her was not a final, appealable order, and, therefore, the execution and garnishment summonses are void. In support of her argument that the Order was non-final, Ms. Yen cites Supreme Court of Virginia precedent holding that a final order is one disposing of the entire case, leaving nothing more for the trial court to do but oversee execution of the judgment. In further support of this argument, Ms. Yen relies on Supreme Court of Virginia Rule 5:8A, Appeal From Partial Final Judgment in Multi-Party Cases, which she contends required the inclusion of specific language in the Order to render it an appealable, partial final judgment. She maintains that language was omitted from the Order, and, in its absence, points to the Court's prior decision in *Mid South Building Supply v. Mark Moseley Home Improvements, Inc.*, 33 Va. Cir. 124 (Fairfax 1993), to posit that PNC cannot execute upon an interlocutory order that is not immediately appealable.

PNC responds to Ms. Yen's arguments by invoking the severable interests exception to the rule against appeals from interlocutory orders. In its Opposition, PNC also included an initial argument that the Motions To Quash were improper because Ms. Yen did "not challenge the regularity or validity of the fi. fa." Because that is precisely what Ms. Yen has set out to do in her Motions To Quash, the Court finds PNC's argument to be without merit and disposes of it here in summary fashion. PNC argues that, because the judgment entered against Ms. Yen was joint and several, it cannot affect the determination of the rights of Mr. Yen or the non-bankrupt codefendants even if reversed on appeal. Therefore, according to PNC, the Order is final regardless of the stay entered as to Mr. Yen during the pendency of his bankruptcy. PNC also contends that, under Supreme Court of Virginia Rule 1:1, the Court no longer has jurisdiction to determine whether the Order was final for the purposes of execution and garnishment because more than twenty-one days have passed since its entry. Finally, PNC argues that Supreme Court of Virginia Rule 5:8A applies only to cases in which an

appeal has been filed and, otherwise, has no application to the execution of judgments.

## III. *Analysis*

It is settled law that the trial courts of the Commonwealth speak only through their written orders. *Fredericksburg Constr. Co. v. J. W. Wyne Excavating, Inc.*, 260 Va. 137, 143, 530 S.E.2d 148 (2000). Virginia trial courts likewise have the authority to interpret their own orders. *Id.* at 144. Additionally, the Court "always has jurisdiction to determine its own jurisdiction." *Rutter v. Oakwood Living Ctrs. of Va., Inc.*, 282 Va. 4, 13, 710 S.E.2d 460 (2011). In this case, the Court must first determine whether the stay entered as to Mr. Yen was a final order. If it was, the Court need only oversee execution of the judgment against Ms. Yen. If it was not, then the Court must decide whether a partial final judgment against Ms. Yen accompanied the stay.

Under Virginia law, "A final order is one that terminates the suit or definitely determines the rights of the parties, and leaves nothing further to be done by the court in the cause, though it may still enter such decrees and orders as may be necessary to carry the decree into execution." *Leggett v. Caudill*, 247 Va. 130, 133, 439 S.E.2d 350 (1994) (internal quotations omitted). Accordingly, "[I]n the absence of a statutory provision to the contrary, a judgment is not final for purposes of appeal if it is rendered with regard to some but not all of the parties involved in the case." *Id.; see also* Va. S. Ct. R. 5:8A(d).

In contrast to a final order, a "stay" is "the postponement or halting of a proceeding, judgment, or the like," or "an order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding." *Black's Law Dictionary* 1453 (8th ed. 2004). *See* also *State Farm Fire & Cas. Co. v. Ruff*, 79 Va. Cir. 50, 53 (Chesapeake 2009) ("An order to stay a case prevents the case from progressing until such a time as the Court finds it appropriate to continue. As such, a stay prevents a case from moving towards trial."); *Barron's Law Dictionary* 516 (6th ed. 2010) (defining a "stay" as a "judicial order whereby some action is forbidden or held in abeyance until some event occurs or the court lifts its order."). The Court takes notice of those federal decisions holding that a stay, in some cases, is final and appealable, but is satisfied that they typify the exception, not the rule. *See, e.g., Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S, 1, 10, n. 11, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("*Idlewild* does not disturb the usual rule that a stay is not ordinarily a final decision for purposes of § 1291, since most stays do not put the plaintiff 'effectively out of court.' *Idlewild's* reasoning is limited to cases where (under *Colorado River*, abstention, or a closely similar doctrine) the object of the stay is to require all or an essential part of the federal suit to be litigated in a state forum") (internal citation omitted). An automatic stay does not necessarily

put the plaintiff effectively out of court. *See Nizan v. Wells Fargo Bank Minn. N.A.*, 274 Va. 481, 487, 650 S.E.2d 497 (2007) ("After the bankruptcy court lifted the stay in February 2005, proceedings in the circuit court under Wells Fargo's motion for judgment recommenced.").

The Supreme Court of Virginia has not addressed whether a stay entered by a circuit court as to a bankrupt defendant is a final order when accompanied by a personal judgment against a non-bankrupt codefendant. However, our Supreme Court's decision in *Rutter v. Oakwood Living Centers of Va., Inc.*, 282 Va. 4, 710 S.E.2d 460 (2011), provides guidance.

*Rutter* was a multi-party case in which two of the defendants entered bankruptcy. *Id.* at 7-8. Upon notice of the automatic stay in 2000, the circuit court removed the case from its docket and directed its dismissal pursuant to Virginia Code § 8.01-335(B) if the case remained inactive for three years. *Id.*

Va. Code Ann. § 8.01-335(B) provides:

> Any court in which is pending a case wherein for more than three years there has been no order or proceeding, except to continue it, may, in its discretion, order it to be struck from its docket and the action shall thereby be discontinued. The court may dismiss cases under this subsection without any notice to the parties. The clerk shall provide the parties with a copy of the final order discontinuing or dismissing the case. Any case discontinued or dismissed under the provisions of this subsection may be reinstated, on motion, after notice to the parties in interest, if known, or their counsel of record within one year from the date of such order but not after.

Although the bankruptcy court lifted the automatic stay in 2002, the plaintiff waited until 2005 to move the circuit court for a trial date. *Id.* The circuit court determined that the case was time barred because it remained inactive for three years, had been dismissed as a matter of course, and after its dismissal, the plaintiff failed to re-file within the limitations period. *Id.* at 9. Reversing the circuit court, the Supreme Court of Virginia held:

> The 2000 Order merely removed the action from the docket and, pursuant to Code § 8.01-335(B), a subsequent order was required to discontinue or dismiss the action. Rutter's action thus remained pending in the circuit court, and she was entitled to move to set a trial date because the bankruptcy stay had been lifted in 2002.

*Id.* at 12.

Put differently, neither the automatic stay issued by the bankruptcy court nor the circuit court's order removing the case from its docket resulted

in a final disposition. The United States Court of Appeals for the Fourth Circuit also acknowledges that an order staying proceedings is generally interlocutory, even if accompanied by an administrative closure. *See Penn-Am. Ins. Co. v. Mapp,* 521 F.3d 290, 295 (4th Cir. 2008) (citing with approval *Dees v. Billy,* 394 F.3d 1290 (9th Cir. 2005)). In the absence of an order of the circuit court discontinuing or dismissing the case, *i.e.,* a final order, the plaintiff in *Rutter* was entitled to continue the proceedings when the bankruptcy stay lifted.

Similar to the order in *Rutter,* the order in this case did not discontinue, dismiss, or otherwise adjudicate the action against Mr. Yen. The Court ordered the matter "stayed as to Defendant Berney Yen," which halted the proceedings against him in circuit court. Indeed, the order did not even go so far as to remove the action from the Court's docket. The stay in this case was merely coextensive with the automatic stay imposed under Section 362 of the Bankruptcy Code. Rather than being a continuation of proceedings inimical to the dual purpose of the automatic stay, the Court's order did not jeopardize or infringe upon Mr. Yen's "breathing space," or threaten to deplete the estate against the interests of other creditors. *See Sanders v. Farina,* 67 F. Supp. 3d 727, 729-30 (E.D. Va. 2014).

The automatic stay imposed under federal law "is a self-executing provision of the Bankruptcy Code and begins to operate nationwide, without notice, once the debtor files its petition for relief." *In re A. H. Robins Co.,* 63 B.R. 986, 988 (Bankr. E.D. Va. 1986). The extent of the automatic stay is broad, having the dual purpose of protecting "debtors, as well as creditors, by providing debtors a breathing spell from collection efforts and promoting orderly and fair distribution among creditors." *Shaw v. Ehrlich,* 294 B.R. 260, 262 (W.D. Va. 2003). In so doing, Section 362 of the Bankruptcy Code stays "the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the [bankruptcy] case. . . ." 11 U.S.C. § 362(a). A coextensive stay entered by a state court does not, however, continue proceedings in violation of the automatic stay. *See Skillforce, Inc. v. Hafer,* 509 B.R. 523, 530 (E.D. Va. 2014) ("Of course, had the State Court judge merely stayed the proceeding, and perhaps directed the parties to advise the court once the bankruptcy proceeding had concluded, there would be no occasion to consider whether a violation of the automatic stay had occurred.").

Thus, if the United States Bankruptcy Court for the Central District of California were to lift the automatic stay, PNC would be entitled to proceed against Mr. Yen in the same regard as the plaintiff in *Rutter.* Having halted, but not disposed of the proceedings against Mr. Yen, the stay issued by the Court was not a final order. *See* Va. S. Ct. R. 5:8A(d).

The Court, therefore, turns its attention to whether a partial final judgment on which the execution and garnishment summonses could

issue was entered against Ms. Yen. Upon the judgment creditor's request, Virginia Code § 8.01-466 requires the clerk of court in which the judgment was rendered to issue a writ of *fieri facias* for execution. In Virginia, garnishment is the statutory procedure used to enforce the lien of the writ of *fieri facias* on a liability of any person other than the judgment debtor. Va. Code Ann. § 8.01-511.

Garnishment does not create a lien itself, but, instead, is a means of enforcement against third parties. *Network Solutions, Inc. v. Umbro Int'l, Inc.*, 259 Va. 759, 768, 529 S.E.2d 80 (2000). "Thus, strictly speaking, a Motion To Quash Garnishment Summons is misleading since the remedy by motion to quash is a proceeding directly challenging the fi. fa." *Virginia Broadcasting Corp. v. Harding,* 46 Va. Cir. 285, 287 (Albemarle 1998). In that regard, the Virginia Code provides in relevant part, "A motion to quash an execution may, after reasonable notice to the adverse party, be heard and decided by the court which issued the execution." Va. Code Ann. § 8.01-477.

As a general principle, "an execution can only issue on a final judgment." *In re Bhatti,* 126 B.R. 229, 231 (Bankr. W.D. Va. 1991); see also *Paine v. Tutwiler,* 68 Va. (27 Gratt.) 440, 447 (1876) ("A writ of execution is a process by which the final judgment of a Court is carried into effect."). Thus, this Circuit Court held previously that, when an "order may not be immediately appealed, neither may it be executed upon until . . . a final disposition of the entire case" has been entered. *Mid South Bldg. Supply v. Mark Moseley Home Improvements, Inc.*, 33 Va. Cir. 124, 125 (Fairfax 1993). Relevant to the issue of finality before the Court in this case, in 2010, the Supreme Court of Virginia promulgated Rule 5:8A, Appeal From Partial Final Judgment in Multi-Party Cases ("Rule 5:8A"). Rule 5:8A(a) provides:

> When claims for relief are presented in a civil action against multiple parties — whether in a complaint, counterclaim, cross-claim, or third-party claim — the trial court may enter final judgment as to one or more but fewer than all of the parties only by entering an order expressly labeled "Partial Final Judgment" which contains express findings that (i) the interests of such parties, and the grounds on which judgment is entered as to them, are separate and distinct from those raised by the issues in the claims against remaining parties, and (ii) the results of any appeal from the partial final judgment cannot affect decision of the claims against the remaining parties, and (iii) decision of the claims remaining in the trial court cannot affect the disposition of claims against the parties subject to

> the Partial Final Judgment if those parties are later restored to the case by reversal of the Partial Final Judgment on appeal.

Va. Sup. Ct. R. 5:8A(a).

Significantly, Rule 5:8A not only sets forth the prerequisites to entry of a partial final judgment, but also defines which orders in a multi-party case are interlocutory: "In the absence of the entry of a Partial Final Judgment order as provided in subparagraph (a) of this Rule, any order which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties in the action is not a final judgment." Va. Sup. Ct. R. 5:8A(d). In other words, because the stay as to Mr. Yen was interlocutory, the execution could only issue if the Order rendered a partial final judgment against Ms. Yen.

The Court adheres to the plain language of Rule 5:8A and concludes that the judgment rendered against Ms. Yen was not a partial final judgment upon which the execution and garnishment summonses could issue. *See Thornton v. Glazer,* 271 Va. 566, 570, 628 S.E.2d 327 (2006). The Court's order was not expressly labeled "Partial Final Judgment" in accordance with Rule 5:8A(a). Nor did it contain the express findings of severability required by subparagraph (a). *Id.*

PNC's reliance on the severable interests exception articulated in *Wells v. Whitaker,* 207 Va. 616, 151 S.E.2d 422 (1966), is misplaced. PNC argues that the judgment entered against Ms. Yen is "severable, and is thereby final regardless of the status of proceedings against Mr. Yen. . . ." *Wells* was decided long before our Supreme Court promulgated Rule 5:8A and, in so doing, codified the severable interests exception. In perhaps the last reported appellate case decided under *Wells* and its progeny, the Supreme Court cited Rule 5:8A in its discussion of the severable interests exception, but observed "This rule, addressing appeals from partial final judgments in multi-party cases, took effect after entry of the 2009 Order." *Rutter v. Oakwood Living Ctrs. of Va., Inc.,* 282 Va. 4, 14, n. 2, 710 S.E.2d 460 (2011). Thus, *Rutter* would have been decided under Rule 5:8A but for the order at issue being entered before the rule was adopted. As a result, the Court must apply Rule 5:8A, not the severable interests exception.

Under the plain language of Rule 5:8A, the stay as to Mr. Yen and the personal judgment against Ms. Yen were both interlocutory. *Id.* at (d) ("In the absence of the entry of a Partial Final Judgment . . . any order which adjudicates fewer than all the claims . . . is not a final judgment."). Therefore, the interlocutory judgment entered against Ms. Yen cannot support the execution and garnishment. For that same reason, the Court retains its jurisdiction over the entire case for the purposes of Supreme Court of Virginia Rule 1:1.

PNC makes much of the fact that Rule 5:8A is set forth among the appellate rules of the Supreme Court of Virginia, arguing that it "is applicable only in the case that an appeal has been filed." However, the Court is persuaded

that the role Rule 5:8A plays as to the finality of a judgment for purposes of appeal has implications as regards its finality for purposes of execution. *See Norris Mfg. Co. v. R. E. Darling Co.*, 315 F.2d 633, 635-36 (4th Cir. 1963) ("The entry of a final judgment [under Rule 54(b)] in favor of the plaintiff upon its claim, prior to the determination of the issues raised by the counterclaims, was plainly warranted, and, after entry, the order was final and appealable and was subject to execution. . . ."); *Redding & Co. v. Russwine Constr. Corp.*, 417 F.2d 721, 727, 135 U.S. App. D.C. 153 (D.C. Cir. 1969) (holding that a default judgment that was non-final for the purposes a Rule 54(b) was not subject to execution); *National Union Fire Ins. Co. v. Gilbert,* 1994 U.S. App. LEXIS 26842, *6-7 (6th Cir. 1994) (unpublished) (holding that the district court erred in failing to quash a garnishment summons absent the entry of a partial final judgment); *Mid South Bldg. Supply v. Mark Moseley Home Improvements, Inc.,* 33 Va. Cir. 124, 125 (Fairfax 1993). For instance, as one court said of Rule 5:8A's federal counterpart, Federal Rule of Civil Procedure 54(b):

> The rule's requirement of explication in the two respects mentioned is not a technicality in the interest of form; rather, it serves primarily the important function of denoting unmistakably that a final order has been entered so that the losing party may either file a timely appeal or pay the judgment.

*Redding,* 417 F.2d at 727.

So too must Ms. Yen have the opportunity to either appeal or pay the judgment rendered against her.

### IV. *Conclusion*

In a multi-party case, absent an exception, any order that adjudicates fewer than all the claims against all the parties must meet the partial final judgment requirements of Rule 5:8A before an execution and garnishment summons will issue properly. The Order was not entered in accordance with Rule 5:8A, thus Ms. Yen's Motions To Quash are well-founded.