PRESENT: All the Justices

LINDA LEE ALEXANDER

v. Record No. 181613

OPINION BY
JUSTICE S. BERNARD GOODWYN
February 27, 2020

DAVID COBB

FROM THE CIRCUIT COURT OF BATH COUNTY
John E. Wetsel, Jr., Judge

In this appeal, we consider whether the circuit court erred in concluding that a prior final circuit court order had a preclusive effect on a party's claims regarding her ownership rights in parcels of real property.

BACKGROUND

George Cobb (George) and Dorothy Cobb (Dorothy), husband and wife, owned three tracts of land in Bath and Highland counties, Virginia (the Properties), as tenants in common. George and Dorothy each owned an undivided one-half interest in the Properties in fee simple absolute.

George died testate on April 7, 2003. George was survived by his wife, Dorothy, and their two children, Linda Lee Alexander (Linda) and David Cobb (David).

George's will, as it relates to the distribution of the relevant real property, stated the following:

> Real Estate. I give to my wife, if she survives me, a life estate in all of my real property or interest in real property which I own at the time of my death. I give the remainder interest in such property (or all of such property if my wife does not survive me) to my descendants who survive me, per stirpes.
>
> I authorize my wife to sell, convey, transfer, and execute all assurances of title to any real estate passing to her for life under this Article of this Will . . . . I authorize my wife to invest the net proceeds of sale in such securities or other property as she, in her uncontrolled discretion, may wish, and I do not limit her to investments authorized for fiduciaries in Virginia. All that I require of her is that the investment, in whatever form it is made, shall be shown as belonging to the

1

life estate here given to her. I further authorize my wife to apply and expend whatever portion of the principal of the proceeds of sale of such real estate as might be necessary and proper for her support, maintenance and health.

Sometime after George's death, Dorothy, due to her age and deteriorating health, began living with Linda. On May 5, 2009, and March 23, 2010, Dorothy executed deeds of gift purporting to convey the Properties to Linda in fee simple.

David subsequently filed a complaint in the Circuit Court of the City of Alexandria against Dorothy and Linda alleging, among other things, a fraudulent conveyance. He requested that the deeds of gift from Dorothy to Linda be declared void, as they concerned the remainder fee simple interest in the life estates that Dorothy acquired through her husband's will. On May 2, 2011, the Alexandria Circuit Court held a bench trial. The Alexandria Circuit Court initially ruled, from the bench, in favor of Dorothy and Linda. However, the court, *sua sponte*, reconsidered and reversed its bench ruling because it concluded that Dorothy had not followed the requirements of George's will concerning the disposition of the life estates Dorothy inherited. On October 27, 2011, the Alexandria Circuit Court entered an order consistent with its new ruling (the 2011 Order), awarding judgment for David on his fraudulent conveyance claim and voiding the purported fee simple conveyances of the Properties from Dorothy to Linda.

On October 18, 2012, Dorothy executed deeds of sale regarding the Properties. The deeds stated that Dorothy conveyed the undivided one-half interest she possessed in the Properties, as well as the "undivided one-half interest held by Dorothy P. Cobb, as a life tenant with a power of sale" to Linda.

On May 8, 2014, Dorothy and Linda filed a complaint against David in the Circuit Court of Bath County.[1] The complaint sought to have the circuit court (1) interpret George's will in a

---

[1] Dorothy and Linda also filed a complaint against David in the Circuit Court of Highland County. The proceedings were consolidated in Bath County Circuit Court.

2

way that authorized Dorothy to "dispose of the life estate" she had in the Properties, (2) quiet title to the Properties in Linda, and (3) confirm the 2012 deeds of sale as "good fee simple deeds" which vested complete fee simple ownership of the Properties in Linda.

In response, David filed a special plea in bar, arguing that collateral estoppel barred the relief requested in the complaint because the Alexandria Circuit Court had "already ruled that Dorothy Cobb does not have the authority under the Will to sell anything but her life estate, and the sale of the life estate has further restriction and requirements upon it." He asserted that the 2012 deeds of sale could not and did not convey complete fee simple ownership of the property in which Dorothy only had a life estate interest.[2]

On July 17, 2015, the Bath County Circuit Court referred the matter to a commissioner in chancery for her to take evidence as well as to make factual and legal determinations. After holding an evidentiary hearing, the Commissioner filed a report with the circuit court on October 7, 2015. The Commissioner found that the 2011 Order held that Dorothy could only convey her life estates and not the remainder interest in the 50% of the Properties that was willed by George. Thus, the Commissioner concluded that the gravamen of the relief requested in Dorothy and Linda's complaint, a determination that the deeds of sale from Dorothy conveyed 100% fee simple ownership of the Properties to Linda, was barred by collateral estoppel.

On December 11, 2015, the Bath County Circuit Court entered a final decree (the 2015 Final Decree) that incorporated the Commissioner's report, sustained David's plea of collateral estoppel, and dismissed, with prejudice, Dorothy and Linda's complaint, which claimed that

---

[2] The parties do not dispute that Dorothy could and did validly convey her 50% fee simple interest in the Properties to Linda. The dispute concerns fee simple ownership of the 50% interest in the Properties that George held at the time of his death.

3

Linda had complete fee simple ownership of the Properties because of the 2012 deeds of sale from Dorothy. The 2015 Final Decree was not appealed.

Dorothy died on April 23, 2017.

On October 2, 2017, David filed a complaint in the Bath County Circuit Court against Linda seeking an accounting of the rents and profits from the Properties, requesting a partition of sale of the Properties, and pleading claims of ejectment and conversion. David asserts that he has a 25% interest in the Properties (half of the fee simple remainder from George's half of the Properties) as a tenant in common with Linda. On November 17, 2017, Linda filed an answer admitting most of the facts, but denying David's characterizations of the 2011 Order and 2015 Final Decree, and denying that David had any interest in the Properties.

On August 22, 2018, Linda filed an additional responsive pleading that she labelled as a motion for declaratory judgment. It asked the Bath County Circuit Court to quiet title to the Properties in her. In that pleading, she claimed 100% ownership of the Properties based upon the 2012 deeds of sale she received from Dorothy. She argued that the 2011 Order authorized Dorothy to sell the Properties, and contends that the 2011 Order is binding as to the ownership of the Properties under the law of the case doctrine.

On September 11, 2018, the Bath County Circuit Court held a bench trial. The circuit court noted that it was "constrained" by the 2015 Final Decree. It ruled that Linda's claim of complete ownership of the Properties based upon the 2012 deeds of sale she received from Dorothy was precluded by the 2015 Final Decree, which dismissed that claim with prejudice. The circuit court concluded that Linda held a 75% interest and David a 25% interest in fee simple absolute in the Properties. The Bath County Circuit Court entered an order appointing

4

special commissioners of sale and ordering the sale of the Properties and partition of the proceeds in accordance with Linda and David's ownership interests.

Linda appeals. We granted two assignments of error:

1. The trial court erred in not granting the Plaintiff/Petitioner's Motion for Declaratory Judgment, instead ruling that the real property that is the subject matter of this case, belonged to the Defendant/Respondent (a 25% interest) and to the Plaintiff/Petitioner (a 75% interest). The Plaintiff/Petitioner claims a full ownership interest in the properties.

2. The Petitioner relies upon the ruling of the Alexandria Circuit Court, Lisa Kemler, Judge, in an order entered on October 27, 2011, as determinative of ownership of the properties and the rights of the parties. The trial court erred in not following that ruling, but instead determined that a subsequent order, issued by Judge Humes Franklin and entered on December 15, 2015, in the Bath County Circuit Court, was controlling in determining the ownership of the property.

ANALYSIS

In the present case, the circuit court rejected Linda's assertion that she has a 100% ownership interest in the Properties, ruling that it was "constrained" by the 2015 Final Decree, which dismissed that claim with prejudice. Thus, we must examine the issue of whether the circuit court correctly concluded that the 2015 Final Decree had a preclusive effect on Linda's declaratory judgment claim in the present action. We conclude that the circuit court did not err.

Linda contends that the Bath County Circuit Court, in 2015, "never considered" her quiet title claim because the 2015 Final Decree sustained David's plea of collateral estoppel. She further argues that the 2015 Final Decree and the Commissioner's report "both address the collateral estoppel defense, but not the validity of the 2012 deeds and title to the property." In other words, she claims that the 2015 Final Decree was not a final judgment on the merits.

David argues that issue preclusion, specifically direct estoppel, is determinative of the case. Issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in

5

the context of a different claim." *Lee v. Spoden*, 290 Va. 235, 246 (2015) (citation and internal quotation marks omitted). Direct estoppel precludes the parties "from relitigating any issue actually litigated and determined by the judgment" in any subsequent action based upon that cause of action. *Id*. at 246 n.7. Direct estoppel applies where a "defendant has won a judgment not on the merits." *Id.*

The Commissioner's report, incorporated into the 2015 Final Decree, interpreted the 2011 Order as definitively deciding "[t]he question of whether or not Dorothy Cobb ha[d] authority to convey fee simple title in the real property" and described the 2011 Order as making "a *specific finding of fact* . . . that Dorothy Cobb ha[d] authority only to sell her life estate and not the remainder interest." (Emphasis added.) This characterization of the 2011 Order is itself a mixed question of fact and law, to which direct estoppel is applicable.[3] Thus, the circuit court did not err in concluding that the 2015 Final Decree had a preclusive effect on Linda's declaratory judgment claim in the present action, even if the 2015 Final Decree was not a judgment on the merits.

---

[3] *See United States v. Moser*, 266 U.S. 236, 242 (1924) ("The contention of the government seems to be that the doctrine of res judicata does not apply to questions of law; and, in a sense, that is true. It does not apply to unmixed questions of law. Where, for example, a court in deciding a case has enunciated a rule of law, the parties in a subsequent action upon a different demand are not estopped from insisting that the law is otherwise, merely because the parties are the same in both cases. But a *fact*, *question* or *right* distinctly adjudged in the original action cannot be disputed in a subsequent action, even though the determination was reached upon an erroneous view or by an erroneous application of the law . . . . A determination in respect of the status of an individual upon which his right to recover depends is as conclusive as a decision upon any other matter." (citations omitted)); *Bank of the U.S. v. Beverly*, 42 U.S. (1 How.) 134, 148 (1843) (applying collateral estoppel to the construction of a will); *cf. United States v. Stauffer Chem. Co.*, 464 U.S. 165, 169-74 (1984) (suggesting that, in certain instances, collateral estoppel might even be applicable to pure questions of law); Restatement (Second) of Judgments § 27 & cmts. c, j, & Reporter's Note (1982) (same); *id.* § 28(2) & cmt. b & Reporter's Note (same).

David, in his argument, assumes that the 2015 Final Decree was not on the merits, and concedes that claim preclusion does not apply. This is a concession of law, but a party cannot concede the law. *Cofield v. Nuckles*, 239 Va. 186, 194 (1990). Upon consideration of the matter, we conclude that the judgment entered by the 2015 Final Decree was on the merits, and that the judgment of the circuit court in this case may be affirmed based upon the doctrine of claim preclusion.

Claim preclusion bars successive litigation where (1) there has been a final judgment on the merits, (2) the parties or privies are the same, and (3) the later lawsuit arises from the same conduct, transaction, or occurrence as the earlier lawsuit. *Lee*, 290 Va. at 245-48; *see also* Rule 1:6(a). Simply put, "[t]he law should afford one full, fair hearing relating to a particular problem – but not two." *Funny Guy, LLC v. Lecego, LLC*, 293 Va. 135, 143 (2017) (citation and internal quotation marks omitted).

We will apply each element of claim preclusion in turn. The 2015 Final Decree was a final judgment on the merits. An order is a final order if it "disposes of the whole subject, gives all the relief contemplated . . . and leaves nothing to be done in the cause save to superintend ministerially the execution of the order." *Rutter v. Oakwood Living Ctrs. of Va., Inc.*, 282 Va. 4, 13 (2011) (citation and internal quotation marks omitted). "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties." *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 134 (1957) (citation and internal quotation marks omitted). The 2015 Final Decree was a final judgment because it dismissed, with prejudice, Linda and Dorothy's complaint which requested that the court determine that Linda owned the Properties in fee simple based upon the 2012 deeds of sale she received from Dorothy. The 2015

Final Decree disposed of the "whole subject" and left nothing for the court to do following its entry.

The 2015 Final Decree was also a judgment "on the merits" because it decided the respective rights of Linda and David. Linda asked the circuit court, in 2015, to quiet title in her and to rule that she had a 100% ownership interest in the Properties; the circuit court ruled that she was not entitled to that relief, and dismissed her claim with prejudice. Linda seemingly misconstrues the significance of David's plea of collateral estoppel. In the dismissal of the prior lawsuit, the granting of the plea did not preclude the circuit court from ruling on the merits of Linda and Dorothy's claims; it only precluded the relitigation of an issue of fact or law that the circuit court concluded to have been actually and necessarily litigated in the Alexandria Circuit Court. *See Lee*, 290 Va. at 245-46.

In ruling on the plea of collateral estoppel, the Bath County Circuit Court concluded that the Alexandria Circuit Court ruled in 2011 that Dorothy could only sell her life estates and not the remainder interests. It determined that Linda and Dorothy were precluded by collateral estoppel from relitigating that issue of fact or law in the Bath County case and granted David's plea of collateral estoppel. The circuit court's ruling on the plea of collateral estoppel resolved an issue of fact or law which the circuit court considered and found to be dispositive in its determination of the parties' rights, given the allegations in the complaint. In other words, the Bath County Circuit Court's 2015 dismissal was based on the factual and legal determination that Linda failed to prove that she had a 100% ownership interest in the Properties. It was a decision on the merits of her claim of a fee simple ownership interest in the Properties based upon the 2012 deeds of sale she received from Dorothy. *But cf. Hughes v. Doe*, 273 Va. 45, 49 (2007) (holding that the granting of a plea in bar based upon a statute of limitations defense is

not "a holding on the merits" of the plaintiff's negligence allegations and cannot be interpreted as "an affirmative finding of non-negligence" for purposes of res judicata).

Even if the circuit court erred in its interpretation of the 2011 Order, in its conclusion that collateral estoppel barred Linda from relitigating some issues, in its dismissing Linda's claims with prejudice, and in entering the 2015 Final Decree, Linda failed to appeal any of those rulings. Therefore, those rulings became final and their validity cannot be collaterally attacked in this subsequent proceeding.

Second, the parties are the same. Linda and David were named parties in the proceeding resulting in the 2015 Final Decree and in the present case.

Lastly, the 2015 Final Decree and the present case arise out of the same conduct, transaction, or occurrence. In the 2015 proceeding, Dorothy and Linda sought to quiet title in Linda, asserting that she had a 100% ownership interest in the Properties based on the 2012 deeds of sale from Dorothy as well as George's will. Here, in her motion for declaratory judgment, Linda again seeks to quiet title, asserting she has 100% ownership interest in the Properties based on the 2012 deeds of sale as well as George's will. Linda asked the circuit court, in this action, to consider precisely the same issue and the same conduct, transaction, or occurrence as she asked the Bath County Circuit Court to consider in the case in which it entered the 2015 Final Decree. Therefore, the third element necessary for claim preclusion is also satisfied, and the circuit court did not err in not granting Linda's motion for declaratory judgment.

Linda also argues that she has a 100% ownership interest in the Properties, pursuant to the 2011 Order. Linda asserts that the 2011 Order ruled that Dorothy could sell the Properties,

"as long as she identified the proceeds as the life estate." She contends that the 2011 Order is the law of the case.

Linda's arguments concerning the purported preclusive and binding effects of the 2011 Order are unavailing. The 2011 Order held that the conveyances of the Properties by deed of gift from Dorothy to Linda were fraudulent and void. Any other statements the Alexandria Circuit Court may have made, concerning the efficacy of any future deeds, are dicta or advisory opinions that were not essential to the circuit court's ruling. The circuit court did not err in concluding that the 2011 Order, entered by the Alexandria Circuit Court, is not determinative of the ownership of the Properties or the rights of the parties in this action.

CONCLUSION

The circuit court did not err in ruling that claim preclusion bars Linda from relitigating her claim of a 100% ownership interest in the Properties based upon the 2012 deeds of sale she received from her mother, and in concluding that Linda has a 75% interest and David has a 25% interest in the Properties. Accordingly, we will affirm the judgment of the circuit court.

*Affirmed.*

10